# CASES

## IN THE

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1881.

### JOHN C. BARKER

#### v.

### MICHAEL KUNKEL.

EXECUTORS—ATTORNEY'S FEES.—For services rendered by an attorney to an executor or administrator in the settlement of an estate, no claim arises in favor of the attorney against the estate, but the executor or administrator is personally liable therefor.

APPEAL from the Circuit Court of Cook county, the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed January 19, 1882.

Mr. JOHN C. BARKER and Mr. SIDNEY THOMAS for appellant; that an executor or administrator is personally liable for attorney's fees in the settlement of an estate, cited 3 Williams on Executors, 1776; Trevinian v. Howell, Cro. Eliz. 91; Hanks v. Saunders, Cowp. 289; Jennings v. Newman, 4 T. R. 348; Bridgen v. Parks, 2 Bos. & Pul. 424; Dowse v. Coxe, 3 Bing. 26; Powell v. Graham, 7 Taunt. 581; Ashley v. Ashley, 7 B. & C. 444; Brice v. Wilson, 8 Ad. & El. 394; Corner v. Shaw, 3 M. & W. 350; Barry v. Rush, 1 T. R. 691; Forth v. Stanton, 1 Saund. 210; Pearson v. Henry, 5 T. R. 8; Raum v.

(407)

Hughs, 7 T. R. 350; Sumner v. Williams, 8 Mass. 199; Luscomb v. Ballard, 5 Gray, 405; Hapgood v. Houghton, 10 Pick. 154; Waite v. Gale, 2 D. & L. 925; Mygatt v. Wilcox, 1 Lans. 55; Wilcox v. Smith, 26 Barb. 316; Austin v. Monroe, 47 N. Y. 364; Boardman v. Tallman, 2 Robt. 385.

Instructions should be framed with reference to the circumstances of the case on trial: C. & A. R. R. Co. v. Utley, 38 Ill. 410; Ill. Cent. R. R. Co. v. McClelland, 42 Ill. 355; Hite v. Blandford, 45 Ill. 9; Hassett v. Johnson, 48 Ill. 68.

If an instruction has a tendency to mislead the jury, it is erroneous: Webber v. Brown, 38 Ill. 87; Reeder v. Purdy, 41 Ill. 280; Trustees v. McCormick, 41 Ill. 323; Nichols v. Mercer, 44 Ill. 250; Ten Eyck v. Harris, 47 Ill. 268.

WILSON, P. J.   The question arising on the present record, is whether an executor or guardian is individually liable, in the absence of a special agreement, to an attorney for services rendered at the request of the former in the settlement of an estate; and this involves, incidentally, the further question, whether the estate is directly liable to the attorney thus employed. The importance of these questions is seen when it is considered that executors and guardians are constantly in the habit of calling to their aid members of the legal profession to guide and assist them in the proper discharge of their duties, and whose services are often indispensable to their protection and safety when administering upon large and complicated estates.

There is no statute in this State authorizing, in terms, an executor or administrator to employ an attorney. The only provision which may be supposed to have any bearing on the subject is found in section 132 of the act concerning the administration of estates, and is as follows:

" Executors and administrators shall be allowed as compensation for their services, a sum not exceeding six per centum on the amount of personal estate, and not exceeding three per centum on the money arising from the sale of real estate, with such additional allowances for costs and charges in collecting and defending the claims of the estate, and disposing of the same as shall be reasonable."

Barker v. Kunkel.

This provision is designed merely to confer authority on the probate court to make allowances to the legal representatives of an estate, for disbursements and expenses properly incurred in the due course of administration, and is only declaratory of an authority which, independent of the statute, is inherent in that court. Williams on Ex'rs, p. 1860, and notes.

Examples of expenses for which allowances are made, are found in the employment of agents to collect assets in cases where a provident business man might well employ a collector, or, where the accounts are complicated, an executor may employ a skilled accountant, and be allowed therefor. The employment of an attorney falls within the same class of cases.

In Forward v. Forward, 6 Allen, 494, the Supreme Court of Massachusetts said: "The general rule is that executors who are obliged to employ counsel in the settlement of their accounts, shall be allowed to charge the estate the reasonable fees of counsel." This right to an allowance is, of course, subject to the qualification that the executor is honestly endeavoring to protect the estate. The Supreme Court of Pennsylvania lay down the rule thus:

"Where an estate is so situated that legal advice is proper to direct the course of the executors, or where they bring suits to recover part of the estate, or defend suits brought against them, counsel must be employed, and where they are employed to obtain what is honestly supposed to be the rights of the estate, the estate ought to pay the reasonable counsel fees. But where executors neglect to settle and pay, and are sued by creditors, or cited by heirs, and employ counsel to defend them in their inequity, no counsel fee should come from the estate. The man who is doing wrong must himself pay the expense of that wrong."

It seems also to be settled that an executor will not be allowed counsel fees, or for other services rendered at his instance unless he has paid them. Williams on Ex'rs, p. 1860, and notes; Forward v. Forward, *supra;* Modawell v. Holmes, 40 Ala. 391.

We have been referred to no case in which it has been held that the rendition of services by an attorney or others at the request of the executor creates any claim in his favor directly

against the estate. There is no privity of contract, or in law, in such cases, between the attorney and the estate. The creditors whose claims the probate court may direct administrators to pay, on a final settlement of their accounts, are those claims which arise on contracts made with the deceased, and not such as have demands arising on contracts made between them and the administrators.

In Wilcox v. Smith et al., 26 Barb. 316, it is said that it is not in the power of an administrator to make an agreement with his counsel on which the latter can found any claim against the estate of the deceased; and in such cases the counsel are not creditors of the deceased, nor can they make any claim against his estate for services rendered to the administrator. And so also in Austin v. Monroe, 47 N. Y., the court said: "The rule must be regarded as well settled that the contracts of executors, although made in the interest and for the benefit of the estate they represent, if made for a new and independent consideration, as for services rendered, goods or property sold and delivered, or other consideration moving between the promisee and the executors as promisors, are the personal contracts of the executors, and do not bind the estate." See also Ferrin v. Myrick, 41 N. Y. 315; Reynolds v. Reynolds, 3 Wend. 244; Denott v. Field, 7 Cow. 58; Myer v. Cole, 12 Johns. 349.

The principle announced is that an executor may disburse and use the funds of the estate for the purposes authorized by law, but may not bind the estate by an executory contract.

In Liscomb v. Ballard, 5 Gray, 403, the Supreme Court of Massachusetts recognizes the same principle as the settled doctrine, and hold that by a promise, the consideration of which arises after the death of the testator or intestate, the estate can not be charged, but that the executor or administrator is personally liable on his contracts.

References to English and American authorities to the same effect might be multiplied indefinitely, but it is unnecessary. The same rule has been followed by the Supreme Court of this State.

In Vincent v. Morrison, Breese, 231, Mr. Justice Lockwood says: "The general rule is that an administrator has no power to charge the effects of the intestate by any contract originat-

ing with himself; and it seems from the current of the decisions that his contracts in the course of his administration render him liable *de bonis propriis.*" The same principle is recognized in Wakler v. Craig, 18 Ill. 116.

It may therefore be considered as the established doctrine that for services rendered by an attorney to an executor or administrator in the settlement of an estate, no claim arises in favor of the attorney against the estate. It may be added that cases are found in which it was held that an executor is liable to be sued in his representative capacity on a promise made by him as executor, and a judgment be rendered *de bonis testatoris;* but those are cases where the consideration of the promise, the real cause of action, arose in the life-time of the testator. Poisel v. Graham, 7 Taunt. 581; Liscomb v. Ballard, 5 Gray, 403.

Did appellee bind himself individually? An affirmative answer to this question would seem to be almost a corollary from what has already been said. He employed appellant to assist him in settling the estate, and under that employment, services were rendered. It is not shown that there was any agreement or understanding that appellant was to look to the estate for his compensation. If appellee felt incompetent to perform his duties without assistance, he might, if he saw fit, employ an attorney to aid him, and, upon principle, we are unable to see upon what ground he can claim exemption from individual liability. And accordingly in all or nearly all the cases above cited, and in numerous others which we have examined, such liability is expressly affirmed, and is denied in none. Thus in Mygatt v. Wilcox, 1 Lansing, 55: "The executor or administrator is personally liable for the fees of counsel so employed, in the first instance."

Liscomb v. Ballard, 5 Gray, 403: "The executor or administrator is liable on his contract."

Wilcox v. Smith, 26 Barb. 328: "The administrator and administratrix employed them as counsel to assist in managing, substantiating and settling their accounts before the surrogate, and are liable to pay them for their disbursements and services in these proceedings."

Bowman v. Tallman, 2 Robertson, 385: "It is a well-estab-

Barker v. Kunkel.

lished elementary principle of law, that the party employing an attorney or counsel to perform any service in his professional capacity, in the absence of a special agreement to the contrary, is personally responsible for any such service rendered." The text-books and adjudicated cases all speak substantially the same language. Williams on Executors, 1860 and notes; Hill v. Tucker, 1 Taunt. 7, 5 Id. 46; Brice v. Wilson, 8 Ad. & El., 349; Corner v. Shew, 3 Me. & W. 350; Dowse v. Coxe, 3 Bing. 26; Sumner v. Williams, 8 Mass. 199; Liscomb v. Ballard, 5 Gray, *supra;* Ashby v. Ashby, 7 B. & C. 444; Vincent v. Morrison, Breese, *supra*.

The decisions are uniform, that a guardian, executor, administrator or other person acting in *autre droit* is personally responsible to an attorney employed by him professionally in the execution of his duty, and not the estate or fund under his care. Nor is this liability in any manner dependent upon the allowance or disallowance by the probate court of the claim of the executor for reimbursement for the money so paid by him. That is a matter wholly between the executor and the court.

The case of Greene, Adm'r, v. Grimshaw, 11 Ill. 389, which it is said by counsel was mainly relied on by appellee in the court below, is not necessarily opposed to the views above expressed. There the attorney brought his suit for services directly against the estate, and the court held that under the special circumstances of that case he was entitled to recover. But the court did not hold that the executrix, by whom he was employed, was not also liable primarily to him, which is the question with which we are now concerned. Moreover, it is manifest from reading the opinion of Treat, C. J., that the question of direct liability of the estate to the attorney was very imperfectly considered. So far as the report of the case shows, only one authority (7 D. & E. 182) was cited by Mr. Blackwell, to show that there was any privity between the plaintiff and the estate, and an examination of that authority shows that it has no application to the case at bar.

Being of opinion that appellant was entitled to recover upon the facts disclosed, the judgment of the court below is reversed and the cause remanded for a new trial.

Reversed and remanded.