Bauerle v. Long.

---

88   177|
|a187s475|
88    177
92   ¹593

## Michael Bauerle v. Andrew Long, John M. Bronson and Anthony J. Antello, Executors, etc.

1. ADMINISTRATION OF ESTATES—*General Rule in Relation to Covenants.*—An administrator has no power to charge the effects of the estate of his intestate by any contract originating with himself: and his contracts, in the due course of administration, or for the debts of his intestate, render him liable *de bonis propriis.*

2. SAME—*When Administrator is Liable for Contracts Made.*—If an administrator or guardian, in his representative capacity, make a contract or covenant which he has no right to make. and which is not binding upon the estate or ward, he is bound personally to make it good.

3. SAME—*When Executory Contract of Administrator is His Personal Contract.*—An executory contract of an executor or administrator, if made on a new and independent consideration, moving between the promisee and the promisor, is his personal contract, and does not bind the estate, in the absence of authority given by statute or by the will of the decedent.

**Action for Damages.**—Breach of contract. Appeal from the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed March 26, 1900.

J. HENRY KRAFT, attorney for appellant.

DOW, WALKER, WALKER & MARSH, attorneys for appellees; JOSIAH BURNHAM, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant sued appellees, as executors of the last will of John Schoenberger, deceased. A demurrer to the declaration was sustained, and appellant electing to stand by his declaration, judgment was rendered for appellees. The declaration is very lengthy. It avers, in substance, as follows: That appellees, in their official capacity, as executors, by one Ballard, their agent, contracted to sell and convey to appellant certain premises described in the declaration, and situated in Cook county, Illinois; that appellees were, by the last will of John H. Schoenberger, deceased, authorized to sell and dispose of the real estate described, upon such terms as to them should seem most advantageous, at either public or private sale; that appellees, by their said agent, gave to appellant their receipt, as follows:

"CHICAGO, August 14, 1890.

Received of Michael Bauerle five thousand dollars payment on a certain contract, dated August 14, 1890, for the purchase of the south half of the southeast quarter of sections 17, 39, 13, bargained to him according to the terms

of said contract, a copy of which has this day been sent forward for signatures, and I agree that said sale shall be consummated at the price therein mentioned.

O. W. Ballard."

That the contract following was then drafted and forwarded to appellees for their signatures. The alleged contract is set out in full. It is dated August 14, 1890, and purports to be an agreement "between the estate of John H. Schoenberger, deceased, party of the first part, and Michael Bauerle, of the city of Chicago, State of Illinois, party of the second part." The alleged contract provides, in substance, that if Bauerle will make the payments and perform the covenants on his part to be made and performed, "the said party of the first part covenants and agrees to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever, by good and sufficient warranty deed," * * * the south half of the southeast quarter of section 17, township 39 north, range 13 east of the third principal meridian, except streets," situated in Cook county, Illinois. The party of the second part covenants to pay $240,000, as follows: $5,000 cash, $45,000 on receipt of warranty deed and abstract showing good title, $60,000 on or before one year, $60,000 on or before two years, and $60,000 on or before three years after date, with interest at the rate of six per cent per annum on the whole sum from time to time remaining unpaid, and to pay all taxes, assessments and impositions subsequent to the year 1890. In case of failure of the party of the second part, contract may be forfeited at the option of the first party, in which case all payments to be retained by the first party, who shall have right to re-enter. All covenants and agreements to be fulfilled within thirty days after abstract furnished. Time to be of the essence of the contract. The so-called contract is not signed by any one, but at the end of it is a certificate of the recorder of Cook county, that it was filed for record in his office August 26, 1890.

The declaration then avers, in substance, that the contract was not returned signed, but that appellees subse-

quently ratified the acts of their said agent, the sale made by him and the terms of the said contract, by their bill filed in the Circuit Court of Cook County, February 11, 1891, entitled The Pennsylvania Company for Insurance on Lives and Granting Annuities, a corporation, Andrew Long, John M. Bronson and Anthony J. Antello v. Michael Bauerle, in which bill, among other things, appears the following: Part of the bill mentioned is then set out in the declaration, the averments of which fully sustain the allegation that appellees authorized Ballard to make the sale in accordance with the terms mentioned in the unsigned instrument called a contract. The bill prays that Michael Bauerle be decreed to specifically perform the contract. It is then averred that appellees filed an amendment to their bill, that the bill as amended was demurred to, that the Circuit Court sustained the demurrer and dismissed the bill, and that thereafter the decree of the Circuit Court dismissing the bill was affirmed by the Supreme Court. It is then averred that appellees otherwise ratified the sale and agreed to convey the property; that at the date of said receipt appellant paid $5,000 cash, and was ready and willing to make all payments in accordance with the terms of said draft of contract, and that it was the duty of appellees to furnish to him a sufficient warranty deed and abstract showing good title, etc. The declaration concludes as follows:

" Plaintiff further avers that said defendants, willfully and wrongfully neglecting their duty in that behalf, did not furnish to plaintiff a sufficient warranty deed and did not furnish an abstract showing good title to the premises, but have wrongfully and willfully neglected and refused so to do, and have wrongfully and willfully failed to comply with or carry out the terms of said receipt and contract heretofore mentioned; by means of which premises the plaintiff has suffered a great pecuniary loss, to wit, the loss of the said $5,000 so paid by him as aforesaid, and the loss of the value of the property mentioned and specified in and by said receipt and contract, which plaintiff avers was of the value of, to wit, $340,000, at the time of the breach of said contract by said defendants as aforesaid, to the damage of the plaintiff, of, to wit, $100,000, and therefore he brings his suit," etc.

Bauerle v. Long.

Waiving the question whether any action at law can be maintained on the facts stated in the declaration, the present action certainly can not be maintained. The suit is against the executors, as such, of the last will of Schoenberger, deceased; the declaration is against them as such executors, the draft of the contract set out in the declaration purports to be "between the estate of John H. Schoenberger, deceased, party of the first part, and Michael Bauerle, * * * party of the second part." The covenant of the party of the first part, viz., the estate of Schoenberger, deceased, is " to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed," etc.

The breach alleged is the failure of appellee to furnish to appellant a sufficient warranty deed and an abstract showing good title. The only reference in the declaration to the provisions of the will of Schoenberger is "that by the terms and provisions of the last will and testament of said John H. Schoenberger, deceased, said executors were authorized, ordered and directed to sell and dispose of said last mentioned real estate, upon such terms as to them should seem most advantageous, at either public or private sale." This clearly is no authority to bind the estate of the deceased, or his heirs, by a warranty deed, or to furnish an abstract of title at the expense of the estate. In Vincent et al. v. Morrison, Breese, 227, it appeared that Morrison and wife, as administrators, covenanted in a deed of land sold to pay the debts of their intestate, that the land was free from incumbrances, etc. The court says:

" In relation to covenants, the general rule is that an administrator has no power to charge the effects of the estate of the intestate by any contract originating with himself; and it seems from the current of decisions that his contracts, in the due course of administration, or for the debts of his intestate, render him liable *de bonis propriis;*" citing Sumner v. Williams, 8 Mass. 166.

In Mason v. Caldwell, 10 Ill. 196, the court say:

" If an administrator or guardian, in his representative capacity, makes a contract or covenant which he has no

right to make, and which is not binding upon the estate or ward, he is bound personally to make it good." Ib. 207.

" The rule is well settled that an executory contract of an executor or administrator, if made on a new and independent consideration, moving between the promisee and the promisor, is his personal contract, and does not, in the absence of authority given by statute or by the will of the decedent, bind the estate," etc. Vol. II, Am. & Eng. Ency., 2d Ed., p. 932, citing numerous cases.

In the present case neither statutory authority nor the provisions of the will, as stated in the declaration, can be relied on in support of the proposition that appellees can bind the estate of their testator by covenants of warranty. See, also, Barker v. Kunkel, 10 Ill. App. 407; Austin v. Munro, 47 N. Y. 360.

Other authorities might be cited to the same effect, but we deem the foregoing sufficient.

The judgment will be affirmed.