## Mary A. McAuley, Executrix, etc., v. J. J. O'Connor.

1. EXECUTORS—*Power to Charge the Effects of the Estate.*—An executor has no power to charge the effects of his testator by a contract originating with himself.

Assumpsit, for services as attorney. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed January 7, 1901.

P. McHUGH, attorney for appellant.

WM. K. WEAVER and ALBERT M. CROSS, attorneys for appellee.

McAuley v. O'Connor.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee and against appellant for the sum of $140.

Appellee sued appellant as a private individual, and also as executrix of the last will of Francis McAuley, deceased. Appellee claimed and testified that he is an attorney at law, and that appellant employed him to have the will of her testator probated, and to render legal services in the administration of the estate for two years, and agreed to pay him for such services one per cent of the value of the estate; he to pay the costs of the court out of said one per cent.

The jury having rendered a verdict for the sum of $140, and the court having overruled motions by appellant for a new trial and in arrest of judgment, appellee moved the court for leave to amend his declaration and all proceedings, by dismissing as to Mary McAuley, individually, which motion the court allowed, dismissed the case as to Mary McAuley, individually, and rendered judgment against appellant, as executrix of the estate of Francis McAuley, deceased, to be paid in due course of administration. The judgment is erroneous and can not be sustained. Vincent v. Morrison, Breese, 227; Barker v. Kunkel, 10 Ill. App. 407; Dinsmoor v. Bressler, 56 Ib. 207; Bauerle v. Long, 88 Ib. 177; Same v. Same, 187 Ill. 475; Johnson v. Leman, 131 Ill. 609; Sumner v. Williams, 8 Mass. 162; Suscomb v. Ballard, 5 Gray, 403; Jones v. Dawson, 19 Ala. 672; Austin v. Munro, 47 N. Y. 360.

In Vincent v. Morrison, *supra*, the court say:

" An administrator has no power to charge the effects of the intestate by any contract originating with himself, and it seems from the current of decisions that his contracts, in the course of his administration, or for the debts of his intestate, render him liable *de bonis propriis*."

Barker v. Kunkel, *supra*, was a suit by an attorney to recover for legal services performed by him in the settlement of the estate, by request of the administrator. The court say:

" There is no privity of contract, or in law, in such cases, between the attorney and the estate. The creditors whose claims the Probate Court may direct administrators to pay, on a final settlement of their accounts, are those claims which arise on contracts made with the deceased, and not such as have demands arising on contracts made between them and the administrators."

In Austin v. Munro, *supra*, the court, after stating the rule in such cases, say :

" The principle is that an executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator."

It seems to us that the fact that a claim is not based on any contract with or obligation of the testator or intestate, as the case may be, is a sufficient reason for not allowing it against the estate. The question whether an administrator or executor may employ an attorney to perform necessary legal services in the settlement of the estate, and subsequently be allowed by the Probate Court reasonable attorney's fees paid or agreed to be paid by him, is not before us for decision. The sole question here is, whether appellant could, by his alleged agreement with appellee, bind and make liable the estate.

The case of Greene v. Grimshaw, 11 Ill. 289, is relied on by appellee, and, as reported, seems to conflict with the rule above stated, but, in view of later decisions, in which the general rule is adhered to, and which are supported by the current of authority, we can not be guided by that case.

In Walker v. Craig, 18 Ill. 116, the court say :

" Trustees, guardians, executors and administrators, and other persons acting *en autre droit*, are generally held personally liable on promissory notes, because they have no authority to bind *ex directo*, the persons or estates for whom and which they act."

And in Johnson v. Leman, 131 Ill. 609, the court say :

" The general rule is, that the expenses of properly administering a trust are a lien, on behalf of the trustee, on the estate in his hands, and he will not be compelled to

part with his control of that estate until such expenses are paid. But this, unless it may be in exceptional cases, does not extend to persons employed by the trustee. In general, their only remedy for compensation, is personal against the trustee, employing them." See, also, Bauerle v. Long, 187 Ill. 475.

The judgment will be reversed and the cause remanded.