Augustus W. Mercer, Administrator, Plaintiff in Error, v. Chicago City Railway Company.

Gen. No. 17,215.

1. Attorney's lien—*administrator not liable individually.* Where the attorney for plaintiff administrator, in an action for damages caused by death of plaintiff's intestate, obtains judgment, and settlement is paid to plaintiff, and the attorney files an intervening

petition to have his fee for services made a lien on said fund, an order by the court that plaintiff pay the fees is erroneous if intended against plaintiff as an individual.

2. ATTORNEY'S LIEN—*does not apply to funds held by adminis-trator.* The Attorney's Lien Act of 1909 does not give an attorney a lien on funds held by an administrator, since the administrator has no authority to charge such funds with payment of attorney's fees.

Error to the Superior Court of Cook county; the HON. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed. Opinion filed November 7, 1912.

CHARLES A. WARD, for plaintiff in error.

THEODORE G. CASE, defendant in error, *pro se.*

MR. JUSTICE FITCH delivered the opinion of the court.

In February, 1910, plaintiff in error, as administrator, recovered a judgment against the Chicago City Railway Company in the Superior Court for $1,000 for damages for wrongfully causing the death of plaintiff's intestate. After the judgment was entered the suit was settled and the Railway Company paid the plaintiff $600. Defendant in error, who was the plaintiff's attorney in that case, then filed his petition in the same case, alleging that without any agreement as to fees "except what the court should allow," he brought the suit at the request of the plaintiff in 1907; that the case was tried by his office and was settled through his efforts subsequent to July 1, 1909; that the plaintiff had received $600 in settlement thereof, and had also received $75 in settlement of another suit, "which said fund of $675 is now in the hands of the plaintiff for distribution; that as a result of said services, the petitioner's lien is attached to the said sum of $675 for a reasonable fee for said services, in accordance with the statutes in such case made and provided, and in pursuance of the notice of attorney's lien here-

tofore served * * * upon said defendant.'' The prayer of the petition is that the court ''determine his reasonable fee for said services and make it a lien on said fund.'' Upon a hearing, after due notice, the court entered an order finding that the petitioner was employed by the plaintiff to represent him in said cause ''for a contingent fee of one-third of whatever amount might be collected by suit or settlement for his services as attorney at law;'' that he ''settled the cause of action of said plaintiff'' for $600, which sum ''said Augustus W. Mercer received * * . * with full notice that said lien of Theodore G. Case had attached to said money.'' The order then finds that said Case has a lien for $170 upon the money ''in the hands, possession and control of the said Augustus W. Mercer at the time the petition of said Theodore G. Case was filed herein,'' and orders and directs ''that said Augustus W. Mercer pay over to the said Theodore G. Case said sum of $170 *instanter*.'' Later an order was entered directing an execution for $170 to be issued against the property of Mercer. From this order an appeal was prayed and allowed. and an appeal bond filed, which, however, was afterwards stricken from the files. Thereupon the plaintiff sued out this writ of error to reverse the order or judgment regarding attorney's fees, and assigns for error that the Superior Court had no jurisdiction over the intervening petition and no authority to enter any order in the matter.

It is urged that it was error to enter any order against Mercer individually in this case, for the reason that this suit was brought by him only as administrator. Mercer, individually, was not a party to the suit; nor does the petition, as filed, seek to charge him with any individual liability. No rule was asked or entered against him, personally, to answer the petition, nor did he enter his personal appearance or file any answer. The court therefore. had no jurisdiction over Mercer individually. Moreover, the court's findings that Mercer (individually) received the amount

paid in settlement, and that said amount was "in the hands, possession and control of the said Augustus W. Mercer," do not agree with the averments of the petition, if, as the language employed signifies, the court intended to find that the money was in Mercer's hands and control as an individual and not as administrator. Upon such findings, the only proper order would have been the dismissal of the petition.

If, however, it could be conceded that the court, on such a petition and after due notice and opportunity to be heard, might enter an order against the person in whose manual custody the fund happens to be found, we think it is clear, from a consideration of the nature and extent of the lien created by the Attorney's Lien Act of 1909, that no such lien attaches to a fund recovered by an administrator for the benefit of the heirs of a deceased person.  That the *defendant* from whom the fund is recovered may be required to account to the attorney if his rights are ignored after notice thereof was held in Standidge v. Chicago Railways Co., 254 Ill. 524.  But the question here involved was not raised or discussed in that case.  The lien here sought is against the plaintiff, who sued as administrator.

The Attorneys' Lien Act provides that "attorneys at law shall have a lien upon all claims, demands and causes of action   *   *   *   which may be placed in their hands by their clients for suit or collection *   *   *   for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys," etc.  The act further provides that "such lien shall attach to any verdict judgment or decree entered *and to any money or property recovered,*" etc.  These provisions  (and especially the words italicized above) clearly imply that the "client" who employs the attorney must have such authority over the cause of action and the money recovered thereon  as entitles him to

bind the owners of the fund by his contract for the payment of attorneys' fees.

The law is well settled that an administrator has no such authority over funds or property in his hands as administrator, as will enable him to charge such funds or property, or the owners thereof, by *his* contracts. Such contracts, if made, merely create a personal liability against himself. Vincent v. Morrison, 1 Ill. (Breese) 227; Bauerle v. Long, 187 Ill. 475. This rule applies to contracts made by the administrator for the payment of attorneys' fees. Barker v. Kunkel, 10 Ill. App. 407; McAuley v. O'Connor, 92 Ill. App. 592. Any judgment obtained by an attorney in a suit for the recovery of fees for services rendered to an administrator is erroneous if rendered against him as administrator. McAuley v. O'Connor, *supra*.

Since, therefore, neither the cause of action for which the suit was brought, nor the money recovered, belonged to Mercer personally, but to Mercer as administrator, and since Mercer, as such administrator, had no power to charge any funds or property in his hands as administrator with the payment of attorneys' fees, it follows that Mercer's contract with Case imposed no liability upon Mercer, as administrator, and therefore no lien attached to the money paid in settlement of the suit as against such administrator.

These views render it unnecessary for us to decide the question raised by counsel for plaintiff in error, as to whether the Lien Act is retroactive.

For the reasons stated, the order or judgment of the Superior Court entered upon the intervening petition of Theodore G. Case is reversed.

*Reversed.*