Lawrence County v. Chattaroi Railroad Company.

CASE 34—ORDINARY—JUNE 5, 1883.

# Lawrence County v. Chattaroi Railroad Company.

### APPEAL FROM LAWRENCE CIRCUIT COURT.

1. A county is a *quasi* corporation, and may sue and be sued for many purposes.
2. The county is the real party in interest, holding and controlling the highways and bridges therein for the benefit of the public.
3. It has such interest in its highways as entitles it to an action in its own name for an injury thereto.

G. W. CASTLE FOR APPELLANT.

1. The question is, whether a railroad corporation can, with impunity, destroy a county road.
2. A town or county which is bound to keep a street or road in order, has such an interest therein as entitles it to an action for any injury thereto. (Pierce on Railroads, 252; 23 N. H., 83; 44 *Ib.*, 105.)

JAMES E. STEWART AND K. F. PRITCHARD FOR APPELLEES.

The county of Lawrence, as such, cannot maintain an action against appellees. It has not the legal capacity to sue. (Commonwealth, for use Estill County, v. McFarland, 7 J. J. Mar., 208; Christian County Court v. Rankin, 2 Duv.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellant, Lawrence county, brought this action, by petition ordinary, against the appellee, the Chattaroi Railway Company, alleging that the defendant is a corporation created by an act of the legislature of this state, and so constructed its road as to occupy and destroy the usefulness of two highways which the county had caused to be opened and made within its borders, and on one of which it had erected twenty bridges, at a cost of at least $9,000, which had become wholly useless to the county and the traveling public by reason of the unlawful occupation and destruction of said highways by the defendant to the plaintiff's damage

in the sum of $15,000, for which the county prayed judgment.

The defendant demurred to the petition:

*First*. Because the plaintiff had no legal capacity to sue.

*Second*. Because the petition did not state facts sufficient to constitute a cause of action.

The court sustained the special and general demurrer, and the county has appealed.

On the first point, whether the county had sufficient capacity to sue, this court held, in the case of Christian County Court v. Rankin & Tharp, 2 Duvall, 503, that an action for the unlawful burning of the court-house could be maintained in the name of the county as a *quasi* corporation, owning the court-house. The Civil Code, section 18, provides that every action shall be prosecuted in the name of the real party in interest.

When a highway is opened, the lands over which it may be constructed are required to be condemned according to the provisions of the statutes, and the use of the land at once vests in the county for the benefit of the public, and passes from the owners, who cannot resume the use until it is abandoned or surrendered by authority of the county, through its lawfully constituted agents. The common highways, as is alleged with reference to those named in the petition, are generally made by the labor of hands allotted along their routes, and by the impressment of teams, for which the county makes payment by appropriation and allowance at the annual court of claims.

The bridges, which may be necessary to the completion of the highways, are usually constructed by contract between the county court, through commissioners, and the builders, who are paid by taxation levied by authority of

the county agencies. These bridges are often constructed at the cost of large sums. They are under the control and are repaired by the county, which may, for sufficient cause, discontinue their use altogether. And we think the county is the real party in interest, holding, controlling, and owning the highways and bridges of the county for the use and benefit of the public, precisely in the same way counties, as *quasi* corporations, own the court-houses, which are constructed and paid for just as bridges are, *i. e.*, by contract with builders, and their payment through the levy of taxes. Unless the county could bring an action to recover the value of the bridges and highways which may be tortiously destroyed, there would be no remedy for a great wrong, and public property would be at the mercy of wrong-doers, curbed only by the restraining influence and power of indictment for a public nuisance, which is inefficient to afford full relief in such cases.

The nuisance might be abated and punished, but the destroyed property would not be restored or the value returned to the county.

In many cases it has been held that counties are *quasi* corporations, and can sue and be sued for many purposes. (Hampshire v. Franklin, 16 Mass., 87; 2 Mass., 544.)

In the case of the Inhabitants of Springfield v. The Connecticut River Railroad Company, 4th Cushing, 63-72, it was held that the grant of land for one public use must yield to that of another more urgent; but an action could be maintained by a town within which lay a public highway over and along which a railroad corporation, under a general grant of power, laid out and constructed their road.

So it was held in Troy v. Cheshire R. Co., 23 N. H., 83, and Hooksett v. Amoskeag Man. Co., 46 N. H., 106. In

the latter case, the court held that a town has such an interest in the roadways and bridges which it has erected for its public highways, that it can maintain an action upon the case against the wrong-doer for the destruction of such a roadway and bridge.

Speaking of the interest the original land-owner held, the court said: "But while the highway exists, the land-owner has no ownership in the highway or bridge as such. He may own the soil subject to the highway; nor has the indefinite body, termed the public, any ownership in the highway or bridge. . . . If neither the land-owner nor the public have any ownership in the highway as such, there can be no other owner of it than the town."

And in the case before us, as the county erected the bridges and had the highways made, and it is its duty to allot hands to keep the roads in repair, and may maintain and preserve the bridges, it acquired an interest and ownership in the highways and bridges which is necessary to the performance of the duties and the exercise of the powers· of the county in protecting such property, and which will support an action against a mere wrong-doer, such as the appellee is alleged to be. We need not consume time to demonstrate that the unlawful and wrongful destruction of the highways and bridges constitute an injury for which the law gives a remedy. The allegations of the petition, as amended, constitute a cause of action on the case for the damages to the highways and bridges described in the petition, and the demurrers, both general and special, should have been overruled.

Whether the appellee has any authority under its charter for occupying and destroying the highways named, and thereby rendering the bridges useless, we will not intimate

any opinion, as that is matter of defense, and cannot be judicially considered until properly pleaded.

Wherefore, the judgment is reversed, and causes remanded, with directions to overrule the demurrers, and for further proper proceedings.