CASE 102—PETITION EQUITY—JUNE 6.

# Greenup County v. Maysville & Big Sandy Railroad Company.

APPEAL FROM GREENUP CIRCUIT COURT.

1. RIGHT OF ACTION BY COUNTY AGAINST RAILROAD COMPANY FOR FAILING TO RESTORE PUBLIC ROAD TO FORMER CONDITION.—Where a railroad company in constructing its road changes the surface of a public highway so as to interfere with public travel, it is the duty of the company to so far restore the highway to its former condition as not to interfere materially with its usefulness to the public; and if it fails to do so the county may have an action against it for damages.

2. SAME—ACTION TO COMPEL PERFORMANCE OF DUTY.—Where the duty of the company in this regard, and the measure of it, are declared by statute, the county may maintain an action in equity to compel the performance of the duty, and in the same suit may have an issue out of chancery as to the damages that have already accrued.

3. SAME—INJUNCTION.—Where a county may sue in damages for an injury to its highway, it may go into equity to prevent the injury when it is constantly recurring.

4. PRACTICE.—Where a plaintiff makes a mistake as to the form of action,.

advantage must be taken of it, under our practice, by a motion to transfer to the proper docket.

B. E. ROE AND E. F. DULIN FOR APPELLANT.

1. The method of reaching the objection that an action is in the wrong court is by motion to transfer and not by general demurrer. (Civil Code, sections 8 and 10.)

2. Where the remedy sought can be complete and adequate only in a court of equity, such court has jurisdiction to determine all matters, legal or equitable, that may be presented. (Pomeroy's Equity, vol. 1, sections 23, 130 and 424; Wood's Railway Law, vol. 1, sections 210, 213 and 219.)

WADSWORTH, WHITAKER AND BENNETT FOR APPELLEE.

1. An action in equity will not lie for damages and to compel the defendant to perform a duty prescribed by statute. (Lawrence County v. The Chattaroi R. R. Co., 81 Ky., 225.)

2. Where the remedy is adequate and complete at law, a court of equity is not the forum, although a judgment at law would be ineffectual because of the insolvency of the defendant. (Wait on Actions and Defenses, vol. 3, pp. 154, 197.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, the Maysville & Big Sandy Railroad Company, was incorporated December 18, 1850. By an amendment to its charter, approved November 25, 1881, the general provisions of the act of March. 4, 1850, incorporating the Maysville & Lexington Railroad Company, so far as the same were applicable, were made a part thereof; and the twelfth section of the act, thus applied to it, provides: "Whenever it shall be "necessary for the construction of the railroad to inter-"sect or cross any stream of water or watercourse, or "any road or highway lying in or across the route of "said road, it shall be lawful for the corporation to con-"struct the said railway across or upon the stream, or to "cut or cross any such road or highway, and to change the

Greenup County v. Maysville & Big Sandy Railroad Company.

"location thereof during the process of the construction "of said railway; but the corporation shall restore the "stream or watercourse, or road or highway thus inter-"sected to its former state, or in a sufficient manner not "to destroy its usefulness; and shall restore any road at "a grade not exceeding the heaviest grade upon said "road existing at the present time."

In the absence of this statutory requirement the general law would have imposed upon the company the duty of so far restoring a road as to render it fit for travel.

A franchise must be prudently exercised. The right of a railroad to cross a highway does not authorize a material interference with the public travel. If, by reason of excavations and erections and changes in the surface it of necessity temporarily occurs to some extent, it is the duty of the company to so far restore it to its former condition as not to interfere materially with its usefulness to the public. It must be made safe and reasonably convenient for travel. A restoration to its former surface level or elevation is not, of course, required, but to its former passable condition and safe use by the public. (1 Rorer on Railroads, pp. 289–545; Pierce on Railroads, pp. 244, 245.) In this instance, however, the duty of the company and the measure of it was declared by statute.

The appellant, Greenup county, brought this action in equity, the petition averring in substance that the appellee, being insolvent, had entered upon, taken possession of parts of, and crossed one of its roads (naming it) at different places; had thus converted the same to

its use, obstructing public travel; was then and had so been using it for over a year; had made no crossings; had, in fact, torn up those made by the proper officer of the county; and had failed and refused to restore the road to the conditions prescribed by its charter, although .the appellant had so demanded.

An issue out of chancery was asked as to damages up to the time of trial, which were put at $5,000, and that the appellee be compelled, by proper orders, to restore, by crossings or otherwise, the former condition of the road to the extent named in its charter. A general demurrer to the petition was sustained, and the action dismissed.

The lower court has not given any reasons therefor in the order of dismissal. It is intimated by counsel that it was of the opinion an equitable action could not be maintained. Whether this was the ground of its action or not, the counsel for the appellee now contend there was an adequate legal remedy, and that, therefore, the action will not lie.

It is true, as a general rule, that where a party has a complete and adequate remedy at law, resort to equity will not be allowed. This, however, is an action to enforce a duty enjoined by law upon the company. It is true a recovery of damages for its non-compliance hitherto is sought, but this is permissible in such an action.

A county is a *quasi* corporation. It may sue and be sued in many instances. It controls the highways within it for the benefit of the public. When they are established, the use of the land passes from the owner and

vests in the county for the public use. They are under its control. It may, upon a proper state of case, discontinue one. It is the party in interest, and may, therefore, sue for an injury to one. If it could not do so the public would be remediless, however great the wrong. Unquestionably the county may maintain an action at law for such an injury, and recover damages.

It was held in Christian County Court v. Rankin and Tharp, 2 Duvall, 503, that it could do so for the burning of its court-house, and the right to do so for an injury to a highway was expressly recognized in the case of Lawrence County v. Chattaroi Railroad Company, 81 Ky., 225.

This being so, even if resort could not be had to equity to compel a railroad company to comply with a duty enjoined upon it, and from the non-performance of which the party in interest was constantly being injured, yet it would have been error in ruling upon the general demurrer to dismiss the action. A mistake as to the form of it can not be thus reached. Section 8 of the Civil Code provides: "An error of the plaintiff "as to the form of action shall be cause, not for the "abatement or dismissal of it, but merely for a change "into the proper proceedings by an amendment of the "pleadings, and a transfer of the action to the proper "docket."

If a party mistake his forum, advantage must be taken of it under our practice by a motion to transfer to the proper docket.

If, however, a party may maintain a common law action for damages for an injury to property, we fail

to see why he can not resort to equity for its protec-
tion upon a proper state of case.  If a county may sue
in damages for an injury to its highway, why may it
not go into equity to prevent it when that injury is
constantly recurring, and going to the substance and
existence of its right?

Aside from the admitted insolvency of the appellee,
the appellant, if restricted to a legal remedy, must con-
tinually resort to suit; and even then no adequate
remedy for the public injury, owing to its nature, will
be furnished.

This, however, is not all.  Here a statutory duty is
enjoined upon the company as to the county's prop-
erty.  Its charter requires it to do a specific thing.  The
county is the interested party; and in our opinion it
may resort to equity to compel its performance.  It is
the proper forum; and in the same suit it may have
an issue out of chancery as to the damages that may
hitherto have accrued by reason of the company's fail-
ure to comply with the law's demand.

Rorer on Railroads, vol. 1, page 551, says: "A bill
"in equity will be maintained against a railroad corpo-
"ration to compel it to comply with the law, and to raise
"or lower its grade, as the case may be, in the cross-
"ings of a highway or public street by its road.  But
"such proceeding can only be maintained by the mayor
"and aldermen of the city, the selectmen of the town,
"or other proper public functionary, and can not be
"prosecuted by a private individual, though the owner
"of the land whereon the crossing is situated."

The acceptance of its charter by the appellee created

the duty upon its part to comply with its provisions. An implied contract thereby arose between it and the appellant that, as to the latter's property, it would do so; and the enforcement of this duty properly belongs to an equitable tribunal. An adequate remedy is not afforded at law.

The averments of the petition are to be taken as true upon demurrer. They state a cause of action.

The judgment is therefore reversed, with directions to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.