# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1894.

95 215
124 475

95 215
f131 115
133 484

CASE 35—PETITION ORDINARY—JANUARY 4.

## Louisville & Nashville Railroad Company v. Whitley County Court.

1. RAILROADS—RIGHT TO DESTROY PUBLIC HIGHWAY.—While the Legislature has the power to grant to a railroad company the right to take land already appropriated to another public use, yet such an intention will not be presumed, but must be shown by express words or by necessary implication. Therefore, a grant of power to lay out a railroad between certain termini where the precise course and direction are not prescribed, but are left to the corporation to be located between the termini, does not give authority *prima facie* to take the road-bed of a public highway as the track of the railroad or to destroy the highway by removing its support. And the fact that the corporation is authorized, in general terms, to construct " other branch roads," does not enlarge its power in this regard.
2. A COUNTY may maintain an action for injury to its public roads.
3. DAMAGES FOR DESTRUCTION OF COUNTY ROAD — EXCESSIVE VERDICT.—Where a railroad company in constructing its road cut through the outer base of a mountain and thus destroyed a county road running along the mountain side above the railroad, in an action by the county against the company to recover damages, a verdict for $10,000 is not excessive, as the proof shows that a large section of the county is cut off from the county seat, and that whatever remedy may be found to relieve the people of that section, the cost will be largely more than the amount of the verdict.

J. W. ALCORN FOR APPELLANT.

1. If one grants a right of way for a railroad he is, by his grant, held to

(215)

have consented to the consequences resulting from the proper use of the right of way. (Hortsman v. Lexington, &c., R. Co., 18 B. M., 221; Wolfe v. C. & L. R. Co., 15 B. M., 410.)

And this rule should be applied to the plaintiff in this case, the county court being but the Commonwealth so far as this action is concerned, and so far as concerns its rights to the control, management and ownership of the public roads.

2. Even if we are not correct in this proposition, the peculiar circum-- stances here are such that it must be held that by necessary implica-- tion the Commonwealth assented to the natural consequences of build- ing the railroad in that place, and that no duty devolved on the com- pany to protect the property of the public from the consequences resulting from the proper building of the railroad there. (McAboy v. Railroad Co., 107 Pa. St., 548; C. & P. R. Co. v. Speer, 6 P. F. Smith, 325; Inhabitants of Springfield v. Conn. River R. Co., 4 Cush., 71.)

3. While a charter does not confer upon a railroad company the right to take a highway for its road-bed, unless that power is conferred in the charter by express words or by necessary implication, yet the power of the Legislature to grant such authority is well established. (Inhab- itants of Springfield v. Railroad Co., 4 Cush., 71; Kenton County Court v. Bank Lick Turnpike Co., 10 Bush, 531; Lawrence County Court v. Chatteroi R. Co., 81 Ky., 225.)

4. In such cases as this the plaintiff is only entitled to recover such dam- ages as he could not, by his own act, have avoided. (Sedgwick on Damages, side page 95.)

J. H. TINSLEY AND K. D. PERKINS FOR APPELLEE.

1. A county may maintain an action for damages on account of an injury to a highway. (Lawrence County v. Chattaroi R. Co., 81 Ky., 225; L. & N. R. Co. v. Finley, 7 Ky. Law Rep.; Sedgwick on Damages, secs. 69-75.)

2. The county has a vested right in its highways, and while it may be that under the right of eminent domain the Legislature would have the power to grant away this public franchise to one of still greater public utility, yet, in order to do this, the power would have to be clearly defined under the act; it can not be done by construction. (Inhabitants of Springfield v. Conn. River R. Co., 4 Cush., 63; 13 How., 81; 91 N. Y., 552; Boston & Albany R. Co., 53 N. Y., 574.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In building its road through Whitley County, the appel-- lant cut through the outer base of a mountain, and thus destroyed the county road running along the mountain

side above and parallel to the railroad.    The support·
below the county road being thus removed, landslides
occurred, and the road was rendered impassable and use-
less.    The county recovered damages to the extent of ten
thousand dollars, and from that judgment this appeal is
prosecuted.

It is contended by the appellant that, by virtue of its
charter, it was authorized to construct a branch of its
road to the Mississippi River, or any other branch it might
desire, and having so acquired this right of eminent
domain, it did not " devolve upon the company to con-
struct a wall or erect any defense for the protection of
the adjoining property from the consequences resulting
from a proper and reasonable use of the way for the rail-
road, although such consequences would be injurious, and
inevitably so, to the grantor;" that the county court is
but the Commonwealth, and by reason of the grant to
construct the road, they—the county and the Common-
wealth—must be held to have consented to the conse-
quences resulting from the proper use of the right of way;
and further, that the authority to seize and occupy the
county road longitudinally was intended to be given by
the charter, providing that other branches might be built,
and therefore, as the right to do this embraces the right
to destroy, no damages are recoverable for such destruc-
tion.

We can not concur in these views.    Upon the maxim
invoked by the appellant—*salus rei publicæ lex suprema
est*—we might concede the power of the Legislature to
have granted to the appellant the right to take land
already appropriated to another public use, and say, as
contended, that " the grant of land for one public use

must yield to that of another more urgent," but, as said in the case relied on by appellant—Inhabitants of Springfield v. Connecticut River Railroad Company, 4 Cush., 72—"When it is the intention of the Legislature to grant a power to take land already appropriated to another public use, such intention must be shown by express words or by necessary implication;" and the court further said: "As no company or persons have authority to lay out a railroad, except so far as such power is conferred by the Legislature, the court are of opinion that by a grant of power by a legislative act to lay out a railroad between certain termini, where the precise course and direction are not prescribed, but are left to the corporation to be located between the termini, no authority is given *prima facie* to lay such railroad on and along an existing public highway longitudinally, or in other words, to take the road-bed of such highway as the track of their railroad."

The broad terms of the appellant's charter in authorizing the construction of " other branch roads," instead of enlarging the power to appropriate public lands or easements, as contended by counsel, are restrictions on the power of the company, or at least are so general as not to indicate the right of such special appropriation.

The damages complained of are such as could have been provided against by the erection of stay walls on the right of way of the appellant at the beginning of the work, the cost of which would then have been inconsiderable. The proof shows that a large section of the county is cut off from the county seat by reason of the destruction of this road, and that whatever remedy may be found with which to relieve the people of that section, the cost will be largely more than the amount of the verdict.    It is not

therefore excessive when considered as the total damages recoverable for the construction complained of. The county could have done nothing to prevent the injury, and its right is undoubted to maintain an action for injury to its public roads. (Lawrence County v. Chattaroi R. Co., 81 Ky., 225.)

Judgment affirmed.