CASE 49—ACTION BY D. B. SHAWHAN AGAINST HARRISON COUNTY FOR
COMPENSATION FOR COLLECTING BACK TAXES.—OCT. 21.

# Shawhan v. Harrison County.

### APPEAL FROM HARRISON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

TAXATION—COLLECTION—AUDITOR'S    AGENT—SPECIAL    AUTHORITY—
COMMISSIONS—COLLECTOR DE FACTO.

Held:   1. A county auditor's agent, whose duty is limited to collec-
tion of omitted taxes, was appointed under special authority to
collect such of certain back taxes as to which the sheriff had
been exonerated and such as were due the county separately
from the State, for which the agent was to receive a certain
commission. HELD, that he was not entitled to collect taxes due
the county on distilled spirits in bonded warehouses, as Kentucky
Statutes, 1899, sections 4105-4114, governing the collection of
taxes on such spirits, make them payable to the officer entitled
to receive the same, and by section 4129 the sheriff is the col-
lector of county taxes if he has executed the proper bond.

2. An auditor's agent, in collecting taxes which it was the sheriff's
duty to collect, was, as to the taxpayers, a de facto official acting
under color of office, and the county could sue to compel him to
pay over such tax without thereby admitting his authority to act.

J. I. BLANTON, W. S. PRYOR AND D. B. SHAWHAN, FOR APPEL-
LANT.

Appellant was empowered by the fiscal court of Harrison county
to assess such property as may have been omitted from the tax
book, and only in special cases when so directed by the auditor
was he authorized to collect any taxes and then only for the
State's part of any tax that may be owing or delinquent.

Where there had been no assessment of the property he had
the right to assess and cause the taxes to be collected. As to
his authority and compensation the order states, "that this order
is to be construed to include the collection only of such taxes as
are due the county separately from the State, and as to which
taxes he can not recover or collect as said auditor's agent; and
for his services in the collection of said taxes he is to have an

amount .equal to one-fourth of all sums so collected."

Under this arrangement and agreement appellant collected taxes for which the court refuses to pay him the commission to which he is entitled, and we ask a reversal.

1. Because the taxes were collected under authority of the court.

2. Because the order of court gives authority and constitutes appellant to receive the taxes collected.

3. Because the taxes collected and fees claimed for collecting same as well for those not collected were delinquent taxes; taxs due the county separately from the State, and such taxes as he could not recover or collect as auditor's agent.

. 4. Because the contract or order made by the fiscal court vested rights in appellant of which he should not be deprived.

### AUTHORITIES CITED.

Ky. Stats., secs. 127, 1834, 1840, 4105, 4114, 4241; Civil Code, secs. 120, 128; Dodd v. King, 1 Met., 430; Com. v. Wilson, Sneed, 127; Campbell Co. v. Newport & Cin. Bridge Co., 23 R., 2058; Dills v. Boone County, 5 R., 435.

BERRY & WEBSTER, ATTORNEYS FOR APPELLEE.

The auditor's agent is not a collecting officer, but on the contrary is an assessing officer.

We contend that under the order of the fiscal court the only tax that Shawhan was authorized to collect was but a single tax, and that being "such tax as was due the county separately from the State, and which he had no authority to collect as auditor's agent, and from which the sheriff had been exonerated."

He admits in his answer the collection of $617.95, one-fourth of which he is entitled to as compensation, leaving a balance due of $463.46. Now he claims that the sheriff collected $1,563.70 of taxes which he, appellant, ought to have collected, or had the right to collect under his contract, and is claiming twenty-five per cent of that sum, which, if allowed, would leave him still owing $72.54 instead of $62.54 tendered. Consequently his plea of tender can avail him nothing.

### AUTHORITIES CITED.

Helm v. Coffey, 80 Ky., 176; Henderson v. Dupree, 82 Ky., 678; L. & N. R. R. Co. v. Board of Trustees, 20 Rep., 1228; The Albin Co. v. Ellinger, 19 Rep., 1886; Lawrence Co. v. Chattanoi Ry. Co., 81 Ky., 225; L. & N. R. R. Co. v. Whitley Co., 95 Ky.,

215; Montgomery Co. v. Menifee Co., 93 Ky., 333; . Ky. Stats.,
sec. 127

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant was auditor's agent for Harrison county. He
was also appointed by the fiscal court of Harrison county
in October, 1900, to collect certain back taxes owing the
county. The order of appointment contains the contract,
defining appellant's authority, as well as fixing his pay. · As
to his authority and compensation it stated: "That this
order be construed to include the collection only of such
taxes as to which the sheriff has been exonerated, and such
taxes as are due the county separately from the State, and
as to which taxes he can not recover or collect as said
auditor's agent, and for his services in the collection of
said taxes he is to have an amount equal to one-fourth of
all sums so collected." It is the duty of auditor's agents
to cause omitted property to be assessed for taxation, and
to collect the taxes due thereon. They are primarily, as-
sessing officers. They have no authority to collect any
taxes except from such property as may have been omitted
from assessment. Inasmuch as the same assessment oper-
ates for both State and county purposes, the act of the
auditors' agents in procuring the assessment of omitted
properties inures to the benefit of the counties. In the
contract involved here the parties have carefully excluded
from it any act of appellant as auditor's agent. What he
was employed by this order to do was entirely outside of
the range of his official duties.

Acting under the authority of this appointment, as ap-
pellant claims, he collected from certain distillery ware-
housemen from October 14, 1890, to April 6, 1892, sums
aggregating $617.95, as taxes due Harrison county on dis-
tilled spirits contained in bonded warehouses. Sections

4105-4114, inclusive, of Kentucky Statutes, govern the assessment and collection of taxes on distilled spirits. In short, the person or corporation having the custody of distilled spirits on September 15th of each year is made liable primarily for the taxes thereon. Such custodian pays the taxes, but is given a lien on the spirts for the sum so paid, and interest, as against the actual owner. As the spirits are or may be in bond to the United States government for the taxes due it, it is provided (sections 4110, 4111) that the warehouseman shall report to the Auditor of Public Accounts the quantity of liquors so held by him, and when the United States government tax will be due, and such as will not be due before the 1st day of March after the assessment. The State tax shall be due on the 2d day of January, May, and September next, or whenever the spirits are removed from the warehouse. If the tax is not paid within five days after it is due, it is declared to be delinquent. This tax is required by section 4111 to be paid "to the officer entitled to receive the same." By section 4129, Kentucky Statutes, the sheriff is by virtue of his office the collector of taxes of the county if he executes the bonds required by law. In default thereof, the fiscal court may appoint a tax collector. The taxes on the spirits which were paid to appellant were presumably collectible by the sheriff of Harrison county, nothing appearing that he had failed to execute the proper bonds. It is neither alleged nor shown that the sheriff had ever been exonerated from their collection. By statute he was allowed 4 per cent. for collecting these taxes. We very much doubt whether it was ever really contemplated by both parties that these and similar taxes were to be embraced by the order, although its terms are broad enough to include them. But, however that may be, under the circumstances as shown,

appellant was not even technically entitled to receive them. Harrison county sued him to recover the sums collected, with interest from the dates of collection. His answer claimed a credit for one-fourth of the sum collected, and in addition, by way of counterclaim and set-off, he claimed that appellee had wrongfully refused to permit him to collect some $1,500 of other and similar taxes, and had collected them itself, and that he was entitled to 25 per cent. of that sum also. The court sustained a demurrer to these pleas.

We are of the opinion that the pleas are not good. The taxes collected were not of the character covered by the terms of the contract, as the sheriff had not been exonerated from their collection. Consequently appellant was neither authorized to collect them nor to receive pay for their collection.

It is suggested that appellee can not maintain this action unless it admits appellant's authority to collect the taxes under the contract; for, it is said, if appellant was not so authorized, their payment by the taxpayers was voluntary, and did not operate as a discharge of their obligation. It is claimed that, until the taxes were paid to one authorized to collect them, they were not paid at all in point of law, and are yet owing by the taxpayers to the county. Appellant was, as to the taxpayers, at least a de facto official, acting under claim and color of official authority. His acts are binding on himself, at least, as well as upon the county when ratified by it; he will be required to deliver to the rightful claimant the money he has collected wrongfully in its name, while acting ostensibly within, yet actually beyond his authority.

The action was properly brought in the name of Harrison county, as the money was owing to the county in its cor-

porate capacity and not to the fiscal court, who are but directors of the county's fiscal affairs.

The judgment is affirmed, with damages.