## Citizens' National Bank of Somerset v. Pulaski County.

(Decided November 5, 1926.)

### Appeal from Pulaski Circuit Court.

1. Appeal and Error.—On appeal from judgment sustaining demurrer to petition, Court of Appeals must take allegations of petition as true.

2. Counties.—Where, in suit by bank on county warrants, it is shown that authority of treasurer to pay them is questioned, and warrants are not conceded to be legal, bank is entitled to a judgment, and need not proceed by mandamus.

3. Mandamus.—Before mandamus can be an exclusive remedy, it must clearly appear against whom mandamus lies.

4. Counties.—Though execution cannot issue against county, judgment may be obtained on claim which county refused to pay, after which mandamus is only remedy.

DENTON & PERKINS for appellant.

R. C. TARTER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The Citizens' National Bank of Somerset, which will be referred to as the bank, brought suit against Pulaski county and sought a judgment for $2,086.41 based on 84 vouchers issued by the county judge of Pulaski county, for road work. A demurrer was sustained to its petition. It declined to plead further; its petition was dismissed, and it has appealed. With the exception of the dates, the names of the parties, and the amounts,

these warrants are all alike, and it will be sufficient to copy one of them:

"Pulaski County Court     No. 388     August 1921

Pay to the order of G. W. Fletcher
Forty-two dollars
For inspection
Charge to section No. 1          Road Crab Orchard
To County Treasurer       (signed) R. C. TARTAR,
$42.00                    Judge Pulaski County Court."

On the reverse side of the warrant, appears the following:

"G. W. Fletcher Presented 9-3-21, J. M. Richardson, Treasurer."

Proper endorsements appear upon the backs of the others and various payments of interest have been made upon these warrants, and it appears that all interest has been paid to January 1, 1925. These warrants evidently were issued under section 4333 of the statutes, but there is nothing in the record or the warrants to show that. We will not burden this opinion by copying the whole of this petition, but will copy this:

"That all of said vouchers have been presented to J. M. Richardson, county treasurer of Pulaski county, for payment, and said treasurer has refused payment thereon, but the interest on said vouchers has been paid up to and including December 31, 1924. Plaintiff further states that a question has been raised as to whether or not the county judge has the legal right and authority to issue said vouchers, and whether or not the county treasurer is authorized by law to pay said vouchers without same having been submitted to the fiscal court and vouchers issued by the clerk of said court for the amount thereof, and a suit is now pending in this court to test said question. Plaintiff further states that the refusal of the county treasurer to pay said warrants or any one of them, is in effect a denial of their technical validity. Plaintiff further states that all of said vouchers were issued in the year 1921 for immediate payment and are now long since past due. That from time to time the plaintiff has presented them to the county treasurer for payment, but payment has been refused thereon.

"That each and all of said vouchers are a just claim against the county of Pulaski and each was issued for work actually done and performed for the county at its special instance and request, and for which the county· agreed and promised to pay through its regularly authorized agents and officers, the several sums respectively in the foregoing list, and the same have been transferred and assigned to the plaintiff, who is now owner thereof and the defendant is therefore indebted to the plaintiff in the sum of $2,086.41, with interest from the 1st day of January, 1925. That because of the questions and controversies which have arisen as to the regularity of the issuing of said warrants or vouchers and because of the refusal of the county to pay same, the plaintiff is entitled to have its debt herein set up reduced to judgment."

The theory upon which the trial court sustained this demurrer and upon which the appellee is relying here is that the proper remedy for the plaintiff in this case is to proceed by mandamus. The appellee insists that these vouchers are definite and fixed orders on the county treasurer to pay, and that mandamus is not only a proper remedy but it is the exclusive remedy. We are required to take the allegations of this petition as true, and these allegations are that the authority of the county judge to issue these vouchers is being questioned, and the authority of the treasurer to pay them is being questioned, and as it is not conceded that the warrants or vouchers are legal and valid the bank is entitled to the very best evidence obtainable of the validity of its debt. It is entitled to a judgment. Before mandamus can be an exclusive remedy, it must clearly appear against whom the mandamus lies. It is not clear from this record just who has failed to discharge the full duty that is owing to the bank. If we knew that the treasurer had funds, we could then say that mandamus should lie against the treasurer. If we knew that the treasurer did not have funds we could say that mandamus would lie against the fiscal court to provide funds, but before mandamus can be the proper remedy, we must know who has been derelict in duty.

A case exactly like this one is that of County Board of Education v. Jasper, 193 Ky. 222, 235 S. W. 366. Jasper sued for $5,381.50. The defendant insisted that

Jasper should have proceeded by mandamus, and in that case we said:

> "While mandamus would have been an appropriate and perhaps an exclusive remedy, if the board of education had conceded its liability and the only default was on the part of the treasurer who declined to pay vouchers which had been legally issued, yet the county board cannot deny all liability, and at the same time insist that plaintiff should have proceeded by mandamus against the treasurer. In such case there is nothing to prevent one, having a claim against the board, from reducing his claim to judgment, and thereby foreclosing all defense that may be made against it."

What we said there is conclusive in this case. Ordinarily a county can not be coerced. An execution can not be issued against a county, but it does not follow that because an execution can not be issued upon a judgment against a county that a claimant whose claim the county refused to pay is not entitled to have that claim reduced to a judgment, and after it is reduced to a judgment, if the county then refuses to pay, of course, mandamus will be the only remedy; but before mandamus can be held to be the only remedy, it must appear that the county can make no defense to the claim. In Lawrence County v. Chatteroi R. R. Co., 81 Ky. 225, we said:

> "In many cases it has been held that counties are *quasi* corporations and can sue and be sued for many purposes."

The judgment is reversed and the cause remanded, with direction to overrule the demurrer and for proceedings consistent with this opinion.