## Citizens' National Bank of Somerset v. Pulaski County, et al.

(Decided April 20, 1928.)

### Appeal from Pulaski Circuit Court.

Counties.—Where validity of claim on warrants is questioned by county, and case is not merely one where some officer refuses to perform his duty, claimant need not proceed by mandamus, but may sue county and reduce claim to judgment.

DENTON & PERKINS for appellant.

R. C. TARTAR for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

On May 6, 1922, J. A. Hansford and R. C. Tartar executed to the Citizens' National Bank of Somerset their promissory note for $4,076.50. To secure the payment of the note Hansford assigned and transferred to the bank four warrants or vouchers, aggregating the sum of $3,917.95, issued by Pulaski county for work done on the public roads of the county under contract.

This action was brought by the Citizens' National Bank of Somerset against Hansford, Tartar, and Pulaski

county to recover on the note and warrants. It appears from the petition that the funds to cover the contract under which the road work was done were set apart by the Pulaski county fiscal court; that the work was done and approved by the county engineer; that the warrants were issued to pay for the work done by Hansford under his contract; that the warrants were signed by the judge of the Pulaski county court; and that the county has paid the interest thereon up to and including December 31, 1924, but has paid no part of the principal. The county's demurrer to the petition having been sustained, the petition was dismissed. The bank has appealed.

Evidently the demurrer to the petition was sustained on the ground that the bank should have proceeded by mandamus. This question was before the court in Citizens' National Bank of Somerset v. Pulaski County, 216 Ky. 332, 287 S. W. 892, and we there held that where the validity of a claim is questioned by the county, and the case is not merely one where some officer refused to perform his duty, the claimant does not have to proceed by mandamus, but may sue the county and reduce his claim to judgment. That case being on all fours with this, it follows that the demurrer to the petition should have been overruled.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.