## Shepherd, County Judge, et al. v. Standard Motor Co. et al.

(Decided March 17, 1936).

NICHOLAS W. KLEIN for appellants.

COLDIRON & BENNETT and LOVEL H. LILES for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON— Reversing.

The record discloses such intimate relation and common purpose of the parties for such period of time that it can scarcely be said that this proceeding is embraced by the term "lawsuit." This term is defined and generally recognized as "a suit at law or in equity; an action or a proceeding in a civil court; a process in law instituted by one party to compel another to do him justice." See Patterson v. Standard Acc. Ins. Co., 178 Mich. 288, 144 N. W. 491, 51 L. R. A. (N. S.) 586, Ann. Cas. 1915A, 632.

The steps which have been taken were agreed to by the parties, and they are yet in such accord their counsel sign and file the same brief.

The caption of the petition names as plaintiffs J. R. Shepherd, county judge, and L. B. Wells, Lon Fannin, and Jake Coburn, commissioners, comprising the fiscal court of Greenup county, Ky., and the Standard Motor Company and C. B. Bennett, trustee, as defendants. The commissioners named in the caption have not joined in making the allegations contained in the petition; only Shepherd, as county judge, makes its allegations. Thus he "brings this action on behalf of the fiscal court" to have determined the county's "rights against the defendants," on the facts set forth therein. It is stated in the petition that the First National Bank of Greenup filed an action against Greenup county to recover $63,057.74, alleged to be due it on warrants "and other evidences of debt, claimed to be duly authorized and issued by the fiscal court of Greenup County in favor of a large number of individuals, partnerships and corporations in discharge of obligations due under contracts existing between the individuals, partnerships and corporations and the fiscal court," "on whose behalf the First National Bank of Greenup, with legal title to all of the warrants and other evidences of debt filed its action aforesaid," and at the September term in 1931 of the Greenup circuit court "by agreement of the parties," the First National Bank of Greenup was permitted to withdraw as plaintiff and the Standard Motor Company substituted for it. Thereafter, in Septmber, 1931, a judgment was rendered against the county for $63,057.74. It appears that the parties subsequently stipulated that the Stan-

dard Motor Company was created "trustee" "for the use and benefit of the common holders of the warrants and other evidences of debt." At the July term, 1934, C. B. Bennett was substituted "as trustee in lieu of the Standard Motor Company." At that term of court, Bennett, trustee, filed a report showing that $13,861.73 of the $63,057.74—"the warrants listed in said judgment" —had been paid leaving "unpaid of the aforesaid judgment, $37,470.55." The report (it is alleged) shows that between May 21, 1934, and October 1, 1935, Greenup county paid warrants "embraced in the said judgment aggregating in amount $11,271.04." In respect to this, $11,271.04, he charges this sum was paid out of the general fund of 1934-35, "thereby reducing the amount available to liquidate the unpaid county warrants," which were not included "in said judgment," and which had been issued by the fiscal court on claims originating subsequently to the entry of the judgment in 1931. On these allegations he sought the issuance of county bonds to the amount of $40,000 under sections 186c-6 and 186c-7, Kentucky Statutes Baldwin's Supp. 1933. The prayer of the petition requested the court "to declare its rights under the circumstances set forth herein. * * * and particularly whether the plaintiff has the lawful right to issue and sell the bonds," and "that the proceeds liquidate the balance of the judgment due from it to the plaintiff in the cause of the Standard Motor Company versus Greenup County and to reimburse the general fund employed to pay part of such judgment, as aforesaid."

This summary of the allegations of the petition manifests that a judgment was rendered in 1931 against Greenup county in an action against it by the First National Bank of Greenup; the bank later withdrew and the Standard Motor Company was substituted as plaintiff, and after the judgment was rendered, Bennett was substituted for it. The judgment from which this appeal was taken by both parties directed the issuance of the county's bonds for $40,000.

We will not determine whether the judgment against the county for $63,057.74 rendered in the procedure in 1931 is valid or invalid. We reserve all questions appertaining to it.

The statement that bonds cannot be issued cover-

ing the $11,271.04 on the allegations of the petition needs no argument or authority to sustain it. However, we will say that section 186c-6, supra, is conclusive against issuing bonds of the county therefor. See Stratton v. Jessamine County, 257 Ky. 302, 77 S. W. (2d) 955; Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961; Coil et al. v. Ham et al., 260 Ky. 650, 86 S. W. (2d) 529; Ochs. v. Fiscal Court of Spencer County, 261 Ky. 692, 88 S. W. (2d) 700.

We know of no statute and none is pointed out to us authorizing the judge of the county court to institute an action for the issuance of bonds authorized by sections 186c-6 and 186c-7 of the Statutes.

Section 186c-7 expressly enjoins upon the county in such action the ineludible duty to allege and prove "the indebtedness thereof and for which the bond is intended to evidence, was created and was within the constitutional limitation of the indebtedness thereof, and unless and until the county * * * shall in appropriate pleading set forth each and every item of indebtedness, created and existing or unpaid and owing by the county * * * during the period of time in which the indebtedness was created and for which the proposed bond or bonds is intended to cover" and unless this statute is complied with, the court shall not approve the issuance of the bonds.

Section 18, Civil Code of Practice, provides that "every action must be prosecuted in the name of the real party in interest." We have often so construed this provision in actions in which a county was concerned. See Christian County Court v. Rankin, 2 Duv. 502, 87 Am. Dec. 505; Lawrence County v. Chattaroi Ry. Co., 81 Ky. 225; Louisville & N. R. Co. v. Whitley County Court, 95 Ky. 215, 24 S. W. 604, 15 Ky. Law Rep. 734, 44 Am. St. Rep. 220; Montgomery County v. Menefee County Court, 93 Ky. 33, 18 S. W. 1021, 13 Ky. Law Rep. 891; Shawhan v. Harrison County, 116 Ky. 490, 76 S. W. 407, 25 Ky. Law Rep. 734. The county is not a party to this one.

It is our conclusion the county judge was without right to institute this action; he states no cause of action in himself, officially or otherwise, and the county is both a necesssary and proper party either as plaintiff or defendant, to every action brought under section 186c-7, supra.

The judgment of the circuit not being in harmony herewith, it is reversed, with directions to dismiss the petition and for proceedings consistent herewith.