**In re Thomas Edward LEONARD, Debtor.**

**Bankruptcy No. 80–2–1186–L.**

United States Bankruptcy Court, D. Maryland.

June 23, 1981.

Frederick L. Bierer, Klein, Bierer & Shar, P.A., Baltimore, Md., for debtor.

William L. Putzel, Putzel & Putzel, Baltimore, Md., for creditor.

Neal S. Melnick, Weinberger & Weinstock, Baltimore, Md., Trustee.

## MEMORANDUM OPINION AND ORDER

HARVEY M. LEBOWITZ, Bankruptcy Judge.

Thomas Edward Leonard (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, 92 Stat. 2604 (1978) (codified at 11 U.S.C. §§ 101–1330 (Supp.III 1979)) (the "Code") on July 9, 1980. Prior to his discharge, the Debtor entered into a reaffirmation agreement with the Household Finance Corporation (the "Creditor"), holder of what appears to be an unsecured claim against the Debtor in the amount of $3,855.92. The reaffirmation agreement provides that the Debtor pay to the Creditor the sum of $2,000 within ten days of the date on which the "Order of Re-Affirmation" is signed. The agreement further provides that upon the Debtor's failure to pay the agreed sum within the ten-day period, the Debtor agrees to repay the full amount of the Creditor's claim with interest at the contract rate. The Creditor agrees to "forbear from pursuing its Bill of Complaint to have the debt declared non-dischargeable." The Creditor, however, filed no complaint.

In his Application for Approval of Reaffirmation Agreement, the Debtor concedes that he listed assets on the Creditor's loan application that he did not have in his possession, and he acknowledges a moral obli-

gation to pay the balance of the debt notwithstanding the possibility that the debt could be discharged. The Debtor also represents that the reaffirmation agreement does not impose an undue hardship and is in his best interest, findings that the Court must make in order to approve the reaffirmation agreement under § 524(c)(4)(A) of the Code.

The Debtor is requesting the Court to approve a reaffirmation agreement which is purported to be in settlement of a dispute over the dischargeability of the debt under § 523 of the Code. The requirements for the approval of a reaffirmation agreement based on the settlement of § 523 litigation are set out by § 524(c)(4)(B). That section provides that a reaffirmation agreement entered into in settlement of § 523 litigation or providing for redemption under § 722 of the Code may be approved upon a showing that the agreement was entered into in good faith.[1] Section 524(c)(4)(B), however, is inapplicable in this case.

"Litigation" is not defined in the Code. Litigation is defined in Black's Law Dictionary as "a lawsuit, legal action, including all proceedings therein. Contest in a court of law for the purpose of enforcing a right or seeking a remedy. A judicial contest, a judicial controversy, a suit at law." "Lawsuit" is defined in Black's Law Dictionary, citing *Sheperd v. Standard Motor Co.*, 263 Ky. 329, 92 S.W.2d 337 (1936), as "a vernacular term for a suit, action, or cause instituted or depending between two private persons in the courts of law." It is plain from the commonly-used meaning of the word "litigation" that there can be no settlement of litigation when a lawsuit was never begun. Because no § 523 complaint was filed in the case at bar, there could be no settlement of § 523 litigation within the meaning of § 524(c)(4)(B)(ii).

Moreover, the Creditor here could not have instituted litigation at the time the reaffirmation agreement was signed on December 15, 1980, because it had by inaction lost the opportunity to initiate a § 523 complaint. December 2, 1980 was set by the Order of this Court dated July 24, 1980 as the last day for filing such complaints.[2] As of December 15, 1980, equity would not permit a Creditor to use as a bargaining tool the possibility of a finding that the debt owed it was non-dischargeable, because the possibility no longer existed. The Creditor may have hoped to preserve its

---

1. The pertinent section of the Code provides in part as follows:

   An agreement between a holder of a claim and the debtor, the consideration for which, in whole or part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

   .  .  .  .  .  .

   (4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement as—
   (A)(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
   (ii) in the best interest of the debtor; or
   (B)(i) entered into in good faith; and
   (ii) *in settlement of litigation under Section 523* of this title, or providing for redemption under Section 722 of this title.
   11 U.S.C. § 524(c) (Supp.III 1979). (Emphasis added).

2. The Code provides that a creditor's claim of non-dischargeability must in certain instances be brought before the Bankruptcy Court in order for the debt to be excepted from a discharge. Section 523(c) sets forth the requirement as follows:

   Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

   11 U.S.C. § 523(c) (Supp.III 1979). Moreover, Bankruptcy Rule 409(a)(2) as modified by Local Bankruptcy Rule 4003 directs the Court to fix a time for the filing of a § 523(c) complaint. Although Rule 409(a)(2) permits such time to be extended for cause, the creditor has not made application for such an extension, and nothing before the Court demonstrates that cause for extension is present in the instant case. Inasmuch as the time fixed for the filing of a § 523(a)(2) complaint has expired, the creditor now has no opportunity to initiate § 523 litigation.

position and avoid the consequences of its failure to file a timely § 523 complaint by obtaining a reaffirmation agreement. The Creditor will not succeed, however. When no complaint has been filed, the Court cannot approve a reaffirmation agreement under § 524(c)(4)(B), because that subsection mandates that a lawsuit actually be pending between the parties concerning the dischargeability of a debt at the time the Debtor reaffirms that debt. It follows *a fortiori* that a reaffirmation agreement is not to be approved by a bankruptcy court when the dischargeability action required by § 524(c)(4)(B)(ii) is barred by an order under Bankruptcy Rule 409(a)(2) and Local Bankruptcy Rule 4003.

Furthermore, because no complaint was filed the Court does not have a sufficient means of determining whether the reaffirmation agreement was entered into in good faith within the meaning of § 524(c)(4)(B)(i). In *In re Hinkle*, 9 B.R. 283, 3 C.B.C.2d 878 (Bkrtcy.D.Md., 1981) this Court discussed the importance of reviewing the § 523 complaint in order to make a preliminary evaluation of the likelihood that the creditor will succeed in having the debt declared non-dischargeable. This preliminary evaluation is required in order to determine whether good faith exists. *Id.* at 285, 3 C.B.C.2d at 881. Where no complaint is filed, the Court is not in a position to make the initial judgment that is mandated by *Hinkle*.

Congress intended when drafting the Code that the Bankruptcy Courts have control over the reaffirmation by the Debtor of a dischargeable debt. This grant of control was a direct response to conditions under

the Bankruptcy Act of 1898, as amended, former Title 11 U.S.C. §§ 1–1103 (the "Act"). Under the Act, an agreement reaffirming a discharged debt was fully enforceable without court approval. As a result, creditors frequently would induce a debtor to reaffirm using duress or other illegal means. 3 *Collier on Bankruptcy* 524–14 (15th ed. 1980).

In order to perform properly its duties under § 524(c)(4) of the Code, when a reaffirmation agreement is entered into in purported settlement of § 523 litigation, the bankruptcy court must be able to examine and evaluate the creditor's bases for its contention that the debt owed it is not dischargeable. When no § 523 complaint is filed, the court has insufficient information with which to determine whether the creditor's contention has any chance of success or is being used merely as leverage to obtain reaffirmation of an otherwise dischargeable debt. Even though in the case at bar the Debtor admitted that he listed in his application for the loan assets not in his possession, there are no facts presented from which the Court can determine whether the Debtor made his application with an intent to deceive the Creditor. Moreover, there is nothing alleged concerning the materiality of the Debtor's misrepresentation. The facts shown are plainly insufficient to enable the Court to determine fairly the question of good faith. Inasmuch as no complaint was filed in the case at bar, the reaffirmation agreement cannot be approved because the Court cannot make the finding of good faith dictated by § 524(c)(4)(B)(i).[3]

---

**3.** There is another, albeit slightly less straightforward, salutary incident of a requirement that a creditor actually file a complaint. When the Code was adopted, Congress intended to "discourage creditors from initiating false financial statement exception to discharge actions in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 365 (1977), *reprinted in* [1978] U.S. Code Cong. & Ad. News, 5787, 5963, 6321. Code § 523(d) implements this intent by providing for an award of costs and reasonable attorney's fees should a creditor's § 523(a)(2) com-

plaint prove to be without merit. Thus, a creditor must test the strength of his convictions before filing a § 523(a)(2) complaint that is to be the basis for a § 524(c)(4)(B) reaffirmation agreement. Were this Court to hold that § 524(c)(4)(B) does not mandate the actual filing of a complaint, a creditor could obtain a reaffirmation from the debtor without facing the penalty that Congress intended to visit upon a creditor making unfounded allegations of fraudulent conduct on the part of the debtor. Thus, the Court's decision in the instant case is consistent with Congressional intent to discourage the historical abuse of § 523(a)(2) litigation.

■ In addition, the Court cannot find that the reaffirmation of this debt is in the best interest of the Debtor and thus cannot approve the reaffirmation agreement under § 524(c)(4)(A). The debt is unsecured, and the Debtor therefore retains no property which could be immediately repossessed were this reaffirmation agreement disapproved. Nor can the Court find that the Debtor obtains any benefit in the reduction, if any, of the debt from $3,855.92 to $2,000.00, because the Court does not have sufficient facts before it to convince it that the debt is even arguably non-dischargeable.

Because the Court cannot approve the reaffirmation agreement as required by § 524(c)(4) of the Code, the agreement will be unenforceable after the Debtor has been granted a discharge.

Upon the foregoing opinion and for the reasons stated therein, it is this 23rd day of June, 1981 by the United States Bankruptcy Court for the District of Maryland

ORDERED that the Debtor's Application for Approval of Reaffirmation Agreement be and hereby is DENIED.