**In re Jeffrey J. HIRTE and Candice M. Hirte, Debtors.**

**Bankruptcy No. 386–01821–P7.**

United States Bankruptcy Court, D. Oregon.

Dec. 11, 1986.

Dennis A. Boardman, Portland, Or., for debtor.

Thomas W.E. Joyce, Jr., New York City, for Chase Manhattan Bank.

## MEMORANDUM ORDER DENYING APPROVAL OF A REAFFIRMATION AGREEMENT

ELIZABETH L. PERRIS, Bankruptcy Judge.

■ Debtors have requested Court approval of an agreement to reaffirm their $2,890.44 unsecured debt to the Chase Manhattan Bank, N.A. ("Bank"). The Debtors entered into the reaffirmation agreement in order to settle a dischargeability claim by the Bank. The amount reaffirmed equals the sum that the Debtors charged to their Bank credit card within fifty days prior to their bankruptcy. At the time the Court held the Debtors' discharge hearing, Bank's dischargeability claim was time barred under 11 U.S.C. § 523(c)[1] and Bankruptcy Rule 4007(c) because Bank failed to either timely file a complaint or obtain an extension of time within which such complaint could be filed.

The issue which the Court must resolve is whether it should approve a reaffirmation agreement which is a good faith settlement of a claim of nondischargeability if such claim could not be successfully pursued by the creditor at the time of the discharge hearing because of the statute of limitations contained in § 523(c) and Bankruptcy Rule 4007(c). For reasons discussed hereafter, the Court concludes that such a reaffirmation agreement should not be approved.

Section 524(d)(2) precludes the Court from approving a reaffirmation agreement unless the Court finds that the agreement does not impose "an undue hardship on the debtor or a dependent of the debtor; and (ii) [is] in the best interest of the debtor." § 524(c)(6)(A).

■ Utilizing legislative history, the cases which have interpreted the term "best interest of the debtor" have focused primarily on whether the reaffirmation agreement is financially or economically beneficial to the debtor. *In re Avis*, 3 B.R. 205, 1 CBC2d 667 (Bankr.S.D.Ohio 1980); *In re Jenkins*, 4 B.R. 651 (Bankr.E.D.Va. 1980). The Court must apply the "best interest" test as of the time of the discharge hearing since no earlier time is specified by the statute and "the statutory reaffirmation scheme is to be strongly construed so as to protect the interests of debtors." *In re Roth*, 38 B.R. 531, 537 (Bankr.N.D.Ill.) aff'd, 43 B.R. 484 (N.D.Ill. 1984). While it is understandable that debtors may enter into the reaffirmation agreement regarding an unsecured debt while dischargeability litigation is still a possibility, once the deadline passes without such a complaint being filed, the Court cannot find that it is in the debtor's best interest to pay the unsecured obligation which had been discharged. *In re Leonard*, 12 B.R. 91 (Bankr.D.Md.1981).

This conclusion is bolstered by the 1984 amendment to § 524(c). In cases filed prior to the effective date of the 1984 amendments to Bankruptcy Code, the Court could approve a reaffirmation agreement if it either was a good faith settlement of dischargeability litigation, or was in the best interests of the debtor and would not cause undue hardship. *See* former 11 U.S.C. § 524(c)(4)(B) (1982). Congress chose to delete the provision allowing the Court to approve reaffirmation agreements which fell into the former category. Thus, the Bank's cries that the agreement at issue

**1.** All statutory citations are to the Bankruptcy Code, 11 U.S.C. § 101 et seq. (West Supp.1986) unless otherwise designated.

represents a good faith settlement of dischargeability litigation are insufficient to compel approval of the reaffirmation agreement.

For the foregoing reasons,

IT IS HEREBY ORDERED, that the reaffirmation agreement between the Debtors and the Bank is not approved.