## MILSTER v. CITY COUNCIL OF SPARTANBURG.

1. MANDAMUS—ATTORNEY'S FEES—AGENT—CITIES.—A petitioner in mandamus by which the Court has required a city council to collect and a manufacturing company to pay back taxes, is not such representative of the city as will make his contract for attorney's fees binding on city.

2. IBID.—IBID.—By mandamus no funds are brought into Court, and Court cannot order counsel fees paid out of funds paid under order therein to party therein directed.

3. IBID.—IBID.—AGENT—CITIES.—When a petitioner in mandamus suc-

ceeds in having the Court to require city officers to perform duties by them neglected, and thereby a large amount of funds is brought into the city treasury, can the contract made by such petitioner with his attorney be regarded as made by a representative of the city in a matter of public concern so as to make the city liable for the attorney's fees?

Motion in this Court by attorneys for petitioners in J. H. Milster and H. G. Abbott, petitioners, against City Council of Spartanburg and Spartan Mills.

*Messrs, Sease & Hoke,* for the motion.

*Messrs. Simpson & Bomar, Ralph K. Carson* and *C. P. Sanders,* contra.

March 18, 1904.

ORDER PER CURIAM.  In this petition for mandamus to compel the city council of Spartanburg to collect and Spartan Mills to pay municipal taxes on property of Spartan Mills, which the city council had undertaken to practically exempt from taxation, the petitioners asked the Court to order the payment of reasonable counsel fees to their attorneys.  The exemption from taxation was held unconstitutional, and the Court ordered a writ to be issued requiring the Spartan Mills to pay the unpaid municipal taxes on all its property in the city which had fallen due within six years prior to the filing of the petition.

Messrs. Sease and Hoke, attorneys for the petitioners, now move for an order of reference to ascertain what fee should be allowed them from the taxes thus brought into the city treasury.  The city council opposes the motion, insisting that these gentlemen were not attorneys for the city of Spartanburg or for the city council, and that even if they had been, the Court is not in control of any funds from which it could, on motion, order the fee paid.

In the case of *Park* v. *Laurens, ante,* 212, it was held that a petitioner standing in precisely the same relation to the

city of Laurens and its city council as Milster and Abbott stood to the city of Spartanburg and its council, could not be regarded the representative of the municipality, so as to make his contracts for reasonable counsel fees binding on the city as its representative. This motion would, therefore, have to be refused on that ground.

We think the other position taken by the city of Spartanburg is at least as strong. Mandamus is thus defined in High on Extraordinary Legal Remedies, 4: "The modern writ of mandamus may be defined as a command issuing from a common law Court of competent jurisdiction, in the name of the State or sovereign, directed to some corporation, officer or inferior Court, requiring the performance of a particular duty therein specified, which duty results from the official station of the party to whom the writ is directed, or from operation of law." It is manifest, therefore, that in a mandamus proceeding the petitioner does not bring into the care or custody of the Court property for administration or distribution. The proceeding relates entirely to the performance of a specifically alleged legal duty by persons charged therewith, and the Court, through the writ, orders those persons to perform such specific legal duty. Such an order may direct the payment of money, as in this instance, but the Court never has the money in its charge, and can make no disposition of it further than to enforce obedience to the writ of mandamus. Upon payment and receipt of the money as required by the writ, the power of the Court is exhausted.

If the city of Spartanburg through its council had contracted with attorneys to institute mandamus proceedings to require Spartan Mills to pay its taxes, and had expressly agreed to pay a fee in event of success, and all this had been set out in the petition, the Court could not enforce the contract in the mandamus proceeding. Even in that case the contract would have been enforceable like any other by a suit between the contracting parties. The only possible ground on which this claim could be placed is

that Abbott and Milster, as citizens and taxpayers, should be regarded as representing the city in a matter of public concern, in which the city council refused to act for the city. Even if their contract for attorneys' fees could be regarded as a contract of the city and standing on as high ground as if it had been made directly with the city council, payment of the fees could not be adjudged in a mandamus proceeding. In such a proceeding the Court has no control of the funds after they are paid to the city council. If there is any contract, express or implied, with either the petitioners or their attorneys, it can only be enforced by a direct suit against the city.

The proceeding has resulted in a large accretion to the city treasury, but we cannot violate the settled rules of law to provide for the payment of the fees of the attorneys who conducted it to a successful issue. The motion is, therefore, refused.