CASE 45.—ACTION BY RIVES & McCHORD AGAINST MARION COUNTY.—April 22, 1909.

# Marion County v. Rives & McChord

, Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for plaintiffs, defendant appeals.—Reversed.

1. Attorney and Client—Lien of Attorney—Compensation—Subject of Lien.—An attorney successfully prosecuting an action by a taxpayer, suing on behalf of all the taxpayers of a county to recover county money illegally appropriated can not assert a lien on the money recovered, under St. 1909, Sec. 489, providing that in actions for money held in joint tenancy, etc., the court shall allow reasonable compensation for one prosecuting an action for the benefit of the others interested with himself, which applies only to money held in joint tenancy, comparcenary, or as tenants in common, and which contemplates that there shall be distributees among whom the fund shall be divided.

2. Counties—Capacity to be Sued—Contracts—Liability.—A "county" is a local subdivision of the State, created by the State of its own will, and is not a municipal corporation proper, which is called into existence either at the direct solicitation or by the consent of the persons composing it, for the promotion of their private advantage, and a county can not be sued except on an expresss contract.

3. Counties—Action by Taxpayer—Compensation of Attorney.— A taxpayer undertaking on behalf of himself and other taxpayers of a county to prevent an illegal expenditure of money, or to recover money illegally expended, can not, without direct statutory authority, require the county to pay his attorney, and the attorney must look alone to the taxpayer for his compensation.

W. W. SPAULDING for appellant.

Marion County v. Rives & McChord.

### POINTS AND AUTHORITIES.

1. An action of this kind will not lie against the county. (Dillon's Municipal Corporations, Vol. 1, Sec. 23; Commonwealth v. Boske, 99 S. W. 316; First National Bank v. Christian County (Ky.), 106 S. W. 381; Hunsaker v. Borden, 5th California, 288, 63rd Am. Dec. 130.)

2. The doctrine of contribution rests upon an implied contract and is an equitable relief. In fixing liability upon a public corporation, principles of equity do not apply. There can be no liability against a public corporation on an implied contract. (9th Cyclopedia of Law and Procedure, 794; Fiares v. Cockrill (Texas), 28 L. R. A. 528 Commonwealth v. Boske (Ky.), 99 S. W. 316; First National Bank v. Christian County (Ky.), 106 S. W. 331; District of Highlands v. Michie (Ky.), 107 S. W. 217; Wortham v. Grayson County Court, 13 Bush, 53; Sears v. Gallatin County (Montana), 40 L. R. A. 405; Murphy v. City of Louisville, 9 Bush 194; Mitchell v. Henry County (Ky.), 100 S. W. 220; Dillons' Municipal Corporations, Vol. 1, Sec. 460; District of Highlands v. Michie (supra), 107 S. W. 217; First National Bank v. Christian County (supra), 106 S. W. 831.)

H. W. RIVES for appellees.

The amount of fee allowed in this case is ridiculously low, but appellees can not ask that the verdict of the jury be set aside, however ill qualified to determine the amount of a reasonable fee for such professional services, they were, under our law, the arbiters. Appellees, therefore, must be content with the amount fixed by twelve taxpayers who are proportionately interested in the fund sought to be charged, and they ask an affirmance of the judgment with damages.

### AUTHORITIES CITED.

Section 489, Ky. Statutes; Section 1806, Russell's Stats.; Stockwell v. Mutual Life Ins. Co., 98 Am. St. Rep. 25; Pine Hill Coal Co. v. Harris, 7 Ky. Law Rep. 519; Smith v. Latimer, 15 B. Monroe, 75.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversed.

The sole question involved on this appeal is whether or not an attorney of a taxpayer, who institutes a suit on behalf of all the taxpayers of the county and recovers money illegally appropriated, can assert a lien thereon for his services and recover a judgment against the county. The question arises in the following manner: The fiscal court of Marion

county entered orders appropriating certain money belonging to the county to the county attorney and the several magistrates. R. D. Thornbury, as a citizen and taxpayer of the county instituted an action to have the orders declared void and to recover the money so paid. This action was brought for the use of himself and the other taxpayers of the county. In his effort he was successful in the circuit court, and also in this court. In the prosecution of the suit, Thornbury employed appellees, who are regular practicing attorneys of Lebanon, Ky. Upon the payment of the money recovered into the county treasury, appellees asked an allowance by the fiscal court for their services. The fiscal court declined to make them an allowance. This action was instituted to recover a fee of $500. After setting forth the above facts, the petition concludes as follows: "Plaintiffs say that their services in prosecuting the claim committed to them, and recovering the money so recovered and paid into the treasury of Marion county for the joint benefit of all the taxpayers of said county, were reasonably worth the sum of $500, for which sum they had and have a lien on the claim, and on the amount recovered, and that, the employment and recovery having been at the instance of one of said taxpayers, and for the joint benefit of all, the taxpayers of the county cannot, in equity, be permitted to accept and retain the whole sum recovered, free from all expense of recovery, and without contributing ratably to the payment of the plaintiffs' fee as attorneys." The defendant, Marion county, demurred to the petition, and the demurrer was overruled. It then filed an answer in two paragraphs, which it will be unnecessary to set forth. The question of what was a

reasonable fee was submitted to the jury, and a verdict in plaintiff's favor for $250 was returned. Judgment was entered thereon, and Marion county appeals.

The position of appellees is: That Thornbury, as a party in interest, had the right to employ attorneys to prosecute the action referred to for the benefit of himself and the other taxpayers of the county; that their efforts were successful; that their services were rendered, not for Thornbury in the establishment of a personal claim, but to recover a sum in which every taxpayer in the county had a proportionate interest. It is therefore insisted that the other taxpayers should not be permitted to take to themselves and enjoy the fruits of appellees' labor without sharing in the reasonable expense incident to the recovery, and that under the doctrine of contribution the county is liable. It is furthermore insisted that the recovery in this case is authorized by Section 489 of the Kentucky Statutes (Russell's St. Sec. 1806), which is as follows: "In actions for the settlement of estates, or for the recovery of money or property held in joint tenancy, coparcenary, or as tenants in common, if it shall be made to appear that one or more of the legatees, devisees, distributees or parties in interest have prosecuted for the benefit of others interested with themselves, and have been at trouble and expense in conducting the same, it shall be the duty of the court to allow such person or persons reasonable compensation for such trouble, and for necessary expenses, in addition to the fees and costs; said allowance to be paid out of the funds recovered before distribution, the persons interested having notice of the application for such allowance."

We are unable to see how the doctrine of contribution can apply in this case. There is no direct recovery by any of the taxpayers. None of the proceeds are distributed to them. The money recovered went into the county treasury. The recovery only incidentally benefits all the taxpayers. It may, perhaps, serve to decrease the amount of taxes thereafter to be paid by them, but they have no control over the sum recovered. None of it belongs to them in their individual capacity. Not even the county could dis tribute it among them except for public purposes. Any one of them might institute an action to prevent the sum from being illegally expended, but that is as far as the power of the individual taxpayer goes. It is manifest that Section 489 of the Kentucky Statutes, has no application to a case of this kind. It applies only to money or property held in joint tenancy, co parcenary, or as tenants in common. It further con templates that there shall be distributees among whom the property or fund shall be divided. Certainly the taxpayers of the county are not joint tenants, co parceners, or tenants in common of funds paid into the county treasury and belonging to the county. The statute further contemplates that the fund or property shall be distributed among those who are to con tribute to the fees and costs. As said above, public funds can never be distributed among the taxpayers except for lawful, public purposes.

While the appellees are asserting a lien on the sum recovered, they are seeking to do so in an action against the county. The question, then, arises: Can such an action be maintained? With respect to the right of a party to sue them, there is a wide differ ence between "municipal corporations" and "coun-

ties.'' The distinction is well pointed out by Dillon, in his work on Municipal Corporations (volume 1, Sec. 23), as follows: ''The distinction between municipal corporations proper, such as chartered towns and cities, or towns and cities voluntarily organized under general incorporating acts, such as exist in a number of the States, and involuntary quasi corporations, such as counties, has been very clearly drawn by the Supreme Court of Ohio: 'Municipal corporations proper are called into existence either at the direct solicitation or by the free consent of the persons composing them, for the promotion of their own local and private advantage and convenience.' On the other hand: 'Counties are at most but local organizations, which, for the purposes of civil administration, are invested with a few functions characteristic of a corporate existence. They are local subdivsions of the State, created by the sovereign power of the State, of its own sovereign will, without the particular solicitation, consent, or concurrent action of the people who inhabit them. The former (municipal) organization is asked for, or at least assented to, by the people it embraces; the latter organization (counties) is superimposed by a sovereign and paramount authority.' 'A municipal corporation proper is created mainly for the interest, advantage and convenience of the locality and its people; a county organization is created almost exclusively with a view to the policy of the State at large, for purposes of political organization and civil administration, in matters of finance, of education, of provisions for the poor, of military organization, of the means of travel and transport, and especially for the general administration of justice. With scarcely an exception, all the

powers and functions of the county organization have a direct and exclusive reference to the general policy of the State, and are, in fact, but a branch of the general administration of that policy.' "

In discussing the same question, this court, in the case of Commonwealth v. Baske, 124 Ky. 468, 99 S. W. 316, used the following language: "It is a well-established doctrine in this State, and in harmony with the rule generally prevailing, that counties are not liable to suit, unless authority for it can be found in the statute, or it follows by necessary implication from some express power given. The reason upon which this rule rests is that counties are subordinate political subdivisions of the State. They are created for public purposes, and are a part of the necessary machinery of government, and can no more be sued by the citizen than can the State. Downing v. Mason County, 87 Ky. 208; 8 S. W. 264, 10 R. 105, 12 Am. St. Rep. 473; Wheatly v. Mercer County, 9 Bush, 704; Hite v. Whitley County, 91 Ky. 168, 15 S. W. 57, 12 R. 764, 11 L. R. A. 122; Simons v. Gregory, 120 Ky. 116, 85 S. W. 752, 27 R. 509; Sinkhorn v. Lexington T. P. Co., 112 Ky. 205, 65 S. W. 356, 23 R. 1479. It is true that in these cases damages were sought to be recovered for injury to person or property, but the principle announced and the ground upon which the opinions rest, is that, in the absence of statutory authority or necessary implication flowing from the exercise of a power granted, an action against a county will not lie. We have not been able to find any authority in the statute for an action such as this. In fact there are very few actions that can be maintained against counties. The right of these political subdivisions of the State

to sue is much larger than their right to be sued, and this follows from the fact that, having control of the bridges, highways, and public buildings of the county, it is necessary that they should be invested with all needful power to protect and preserve them, and so it has been held that a county may maintain an action for injury to its courthouse or public roads. Christian County v. Rankin & Tharp, 2 Duv. 503, 87 Am. Dec. 505; Lawrence County v. Chattaroi R. Co., 81 Ky. 225; 5 R. 36; L. & N. R. R. Co. v. Whitley County, 95 Ky. 215, 24 S. W. 604, 44 Am. St. Rep. 220, 15 R. 734. And where a county has authority to make a contract, it would follow as an incident that it might sue or be sued concerning it. There is a marked distinction between counties and municipal corporations such as cities and towns, in respect to the power to sue and be sued. The latter, by the act creating them, are expressly authorized to sue and be sued and hence may be parties plaintiff or defendant in any case in the absence of a statute or judicial determination to the contrary, and it has been frequently announced that an action against them will lie in behalf of a taxpayer. City of Covington v. Powell, 2 Met. 226; City of Louisville v. Anderson, 79 Ky. 334, 2 R. 344, 42 Am. Rep. 220. When taxes have been wrongfully collected by county officials, and are in the hands of the collecting or distributing officers, a direct action may be brought by the taxpayers against the person holding the tax. Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35, 12 R. 1292; Blair v. Carlisle, etc., Turnpike Co., 4 Bush, 157; Commonwealth v. Stone, 114 Ky. 511, 71 S. W. 428, 24 R. 1297. But after the taxes collected have been paid out, the taxpayer is without remedy as against the county. We

conclude therefore, that the action of the lower court in sustaining the demurrer in behalf of Kenton county was proper, and the judgment is affirmed.

In the recent case of First National Bank v. Christian County, 106 S. W. 831, this court, in explanation of the statement, "And where a county has authority to make a contract, it would follow as an incident that it might sue or be sued concerning it," contained in the opinion in Commonwealth v. Boske, supra, used the following language: "Counsel for appellant earnestly contends that the statement in the above opinion, to the effect that, where a county has authority to make a contract, it would follow as an incident that it might sue or be sued concerning it, authorizes this action, claiming that where taxes have been illegally collected there arises upon the part of the county an implied contract to pay them back. This, however, is not the meaning of the language used. That language refers only to an express contract. It was not intended to convey the idea, nor would it be proper to do so, that the right to sue could be implied from an implied contract."

It is manifest from the foregoing that a county can not be sued except upon an express contract. Thornbury had no power to make a contract with appellees that would be binding upon Marion county. As to Marion county, he was a mere volunteer. He sustained the same relation to the other taxpayers of the county. Where a party undertakes, on behalf of himself and other taxpayers of the county, to prevent the illegal expenditure of money, or to recover money illegally expended, he can not, without direct authority contained in the statutes, expect his attorneys to be paid by the county. The sum expended by

him is simply a contribution made towards good government, and he must find his recompense in the conviction that he has performed his duty as a citizen. An attorney who undertakes such employment must look alone to the taxpayer who employed him, until the Legislature provides to the contrary.

For the reasons given the judgment is reversed, and cause remanded, with directions to dismiss the petition.