## The People of the State of Illinois by M. M. Stephens et al., v. Frank Holten et al., Defendants in Error. John Hay, Intervener, Plaintiff in Error.

1. ATTORNEY AND CLIENT—*agreement as essential to lien on recovery.* In the absence of an express contract, out of which an equitable assignment arises, an attorney has no lien for his compensation upon a judgment or decree rendered in a suit prosecuted by him nor upon real estate, moneys, fund or other property recovered by means of his exertion and labors.

2. ATTORNEY AND CLIENT—*when attorney has no lien on fund recovered.* An attorney employed by taxpayers to recover funds collected by a collector of taxes has no lien upon the fund for his services by virtue of the Attorney's Lien Act (Cahill's Ill. St. ch. 13, ¶ 13).

3. ATTORNEY AND CLIENT—*insufficiency of taxpayers' agreement to create lien binding public.* Taxpayers who employ an attorney to recover money collected by a tax collector have no such authority to bind the public by an agreement in regard to fees as will give such attorney an equitable lien on the fund collected.

Error to the Circuit Court of St. Clair county; the Hon. J. F.

GILLHAM, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed November 10, 1921.

JOHN HAY, for plaintiff in error.

H. L. BROWNING, THOMAS E. GILLESPIE, SILAS COOK and KRAMER, KRAMER & CAMPBELL, for defendants in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an application by John Hay, plaintiff in error, as intervener in the above-entitled cause, for allowance of compensation for legal services in said cause, and for necessary expenses and disbursements and for an attorney's lien for such compensation and expenses. The case in which this intervening petition was filed was twice before the Supreme Court and is last reported in 287 Ill. 225. The case was there reversed on its merits by the Supreme Court and remanded for a new trial. Before said cause was reinstated in the circuit court of St. Clair county on said remanding order, plaintiff in error filed his intervening petition for allowance of his attorney fee and compensation for legal services and expenses and disbursements and to enforce an attorney's lien therefor in the circuit court of St. Clair county, Illinois.

This intervening petition is based upon two agreements, made and entered into between M. M. Stephens, Henry F. Bader, Thomas J. Daniel, J. W. Kirk, C. R. Hissrich and H. C. Barnard, parties of the first part, and plaintiff in error, party of the second part; all of the parties of the first part except H. C. Barnard are the persons upon whose behalf the suit in which the intervening petition is filed was originally prosecuted and in these contracts they state they are taxpayers and residents of the Town of East St. Louis, in the State of Illinois, and feel aggrieved because

certain amounts of money received as taxes by Frank Holten as collector of taxes of said Town of East St. Louis were retained by him that should have been paid over to the town.  They further state that it is necessary to prosecute a suit in the name of the People of the State of Illinois against the said Frank Holten and his bondsmen for the use of said aggrieved persons, parties of the first part, and for the use of taxpayers, residents and inhabitants of the Town of East St. Louis and for the use of the said Town of East St. Louis by a suit upon the bonds of the said Holten. It is stipulated in said agreements that plaintiff in error, as party of the second part in said agreements, as attorney of the said parties of the first part, is to prosecute said suit; that the parties of the first part will, from time to time, as required, advance and pay whatever costs, disbursements and expenses are necessarily incurred; that the party of the second part shall receive as his fee and compensation for his services, one-third of the amount recovered or, in the event of settlement, one-third of the amount so received; that he shall have a lien upon said claim, demand and cause of action to be prosecuted by suit for his fees, and that such lien shall attach to any verdict and judgment or decree entered in said suit, and that said compensation shall be payable only out of whatever moneys shall be recovered by judgment, or by settlement.  One of these contracts has reference to suit upon the bond of Frank Holten, as collector of taxes of the town of East St. Louis for the year 1909, the other has reference to suit on Frank Holten's bond as such collector for the year 1910.  Some time after the execution of these agreements, plaintiff in error served a notice upon the defendants in error that in equity and under and pursuant to the statute and laws of the State of Illinois he had a lien for his attorney fee in the, suit brought by M. M. Stephens, Henry F. Bader, J. W. Kirk, Thomas J. Daniel and C. R. Hiss-

rich against Frank Holten and his bondsmen based upon said agreements.

On the 24th day of September, 1919, before the suit that had been reversed by the Supreme Court was reinstated in the circuit court of St. Clair county, plaintiff in error filed a petition for change of venue from Judge George A. Crow, one of the circuit judges of the Third Judicial Circuit, in which he alleged that Judge Crow was prejudiced against him, and on account of the said George A. Crow being biased against the plaintiff in error and biased in favor of the defendants in error said petition was filed. On the 4th day of October, 1919, defendants in error filed a motion to strike from the files the intervening petition of plaintiff in error to enforce his attorney's lien and his petition for a change of venue, in which motion it was alleged that the intervening petition and the petition for change of venue were both filed on September 24, 1919, in the circuit court of St. Clair county, Illinois, and objected to the court hearing said petitions for the reasons:

First. That the cause in which the intervening petition was pretended to be filed was not pending in court at that time.

Second. Because said cause had not been reinstated in court according to the statute.

While this motion was pending, notice of filing the mandate of the Supreme Court and motion of plaintiff in error to reinstate and docket the cause were filed in the office of the circuit court on the 11th day of October, 1919. On the same day, October 11, 1919, notice of application by plaintiff in error for a change of venue on account of the prejudice and bias of Hon. George A. Crow was again filed in the office of the clerk of the circuit court, and, on the same day, defendants in error filed a motion to strike from the files the intervening petition of plaintiff in error for attorney's lien and his petition for change of venue, in

which it was alleged that an intervening petition for attorney's lien and change of venue were filed in the office of the clerk of the circuit court on September 24, 1919, and stating among other things in support of said motion that there was not on said 24th day of September, 1919, a cause pending in said court in which said intervening petition could be filed; and that the above-styled cause was not pending in said court on said day. On the 20th of October, 1919, an order was entered in the circuit court of St. Clair county, Illinois, reinstáting the case that had been to the Supreme Court. On the same day Hon. George A. Crow, who was presiding in the circuit court of St. Clair county, Illinois, entered an order declining to act upon any matter or motion pending and filed by and on behalf of John Hay, and of his own motion changed the venue from himself to some other circuit judge in the State of Illinois. On the 20th day of November, 1919, an order was entered giving leave to plaintiff in error to file his intervening petition and on the same day defendants in error filed a motion to dismiss the petition of plaintiff in error, for the allowance of attorney fees, and for the enforcement of an attorney's lien, alleging the following grounds for said motion:

First. Because said petition is based upon a contract purporting to have been entered into by M. M. Stephens, Henry F. Bader, Thomas J. Daniel, J. W. Kirk, C. R. Hissrich and H. C. Barnard, who style themselves in said contract as taxpayers and residents of the Town of East St. Louis, and as aggrieved persons, and said petitioner, whereby it is agreed that said petitioner is to be paid one-third of the amount recovered either by compromise or suit on the collector's bonds of Frank Holten, mentioned in said petition; that the funds sought to be collected in said suit on said bonds, if any be due, in which said intervening petition was filed, do not belong to the said M. M. Stephens, Henry F. Bader, Thomas J. Daniel,

J. W. Kirk, C. R. Hissrich and H. C. Barnard, or any or either of them, because if there is anything due on said bonds of Frank Holten, as collector of the Town of East St. Louis, as claimed in the bill filed, and also in the intervening petition, it is a public fund belonging to the Town of East St. Louis or the City of East St. Louis, and that neither said taxpayers nor any of them, have such control over such funds as authorizes them to enter into a contract with petitioner with reference to attorney fees, and the contract is wholly void and of no effect.

Second.    Because the said taxpayers entered into said contract as aggrieved persons; that they are not authorized to institute a suit on said bonds as aggrieved persons and that they are not prosecuting the above-mentioned suit in which intervening petition is filed as aggrieved persons, and therefore the contract is void.

Third.    Because the fund sought to be collected is a public fund and belongs either to the Town of East St. Louis or the City of East St. Louis, and is not subject to a lien for attorney fees.

Fourth.    Because the petitioner has no contract with the City of East St. Louis or the Town of East St. Louis for attorney fees and cannot collect attorney fees from either the City of East St. Louis or the Town of East St. Louis, and therefore can have no lien against said fund.

Fifth.    Because the petitioner, by his intervening petition, has undertaken to establish a lien before any judgment has been recovered or decree rendered in said cause and therefore such petition is prematurely filed.

Sixth.    For other good and sufficient reasons.

On the 3rd day of January, 1920, Judge Gillham, of the circuit court of St. Clair county, entered an order sustaining the motion to dismiss the petition for attorney's lien and dismissed the petition. The petitioner sued out this writ of error from the Supreme Court and the cause has been certified by that court, for hearing, to this tribunal. It is insisted by

defendants in error that the order of the court dismissing plaintiff in error's intervening petition is not a final order from which an appeal could be taken, but for the purposes of this opinion we will treat that order as a final one.

Plaintiff in error contends that he has a lien upon the judgment and moneys recovered in this suit under the Attorney's Lien Act of July 1, 1909 (Cahill's Ill. St. ch. 13, ¶ 13), and that he also has an equitable lien by virtue of his contract with the complainants. The Appellate Court of the First District has held that the lien created by the Attorney's Lien Act will not attach to a fund recovered by an administrator for the benefit of the heirs of a deceased person (*Mercer v. Chicago City Ry. Co.*, 174 Ill. App. 234). In that case the court held that the provisions of that act "clearly imply that the 'client' who employs the attorney must have such authority over the cause of action and the money recovered thereon as entitles him to bind the owners of the fund by his contract for the payment of attorneys' fees." To the same effect is *Schottler v. McArdle*, 174 Ill. App. 125. In this case the money recovered is a public fund. It did not belong to plaintiff in error's clients, and they did not have such authority over it, as entitled them to bind the public. In the case of *State v. National Surety Co.*, 29 Idaho 670, the court held under an Attorney's Lien Law somewhat similar to ours that the lien act had no application to funds in which the State was interested.

It further held, in effect, that the statute could apply only to cases where there were contracts express or implied between attorneys and clients and did not apply where such contracts could not be made and further that it was against public policy to allow such lien to be enforced against public funds. We are of opinion that the rule laid down and the theory followed in the Idaho case applies with equal force to

our statute upon the same subject and that in accordance with that rule we must hold that plaintiff in error has no lien for his fees in this case under the Attorney's Lien Act. Neither do we think he has any equitable lien by virtue of his contracts. It is the well-settled doctrine of this State that in the absence of an express contract, out of which an equitable assignment arises, an attorney has no lien for his compensation upon a judgment or decree rendered in a suit prosecuted by him or upon the real estate, moneys, fund or other property recovered by means of his exertion and labors. (*Cameron v. Boeger*, 200 Ill. 84, and cases cited.) It has also been held there is a clear distinction "between an actual assignment of a part of a debt or claim or fund, and a mere promise or agreement to pay a part of such debt or claim when collected or recovered, or pay out of such fund." (*Cameron v. Boeger, supra.*)

While it is true plaintiff in error's contracts with complainants expressly provide he shall have a lien upon any judgment or decree entered and to any money or property recovered on account of this suit, and even though, in a suit between ordinary parties, it might be held that such language amounted to an equitable assignment, yet, in this case, complainants had no such authority over the cause of action and money recovered therein as entitled them to equitably assign the same. As above said, the money recovered belonged to the public, and it could not be given away or assigned by a self-appointed committee of taxpayers.

*The judgment is affirmed.*