(No. 14467.—Judgment affirmed.)

THE PEOPLE *ex rel.* M. M. Stephens *et al.* Appellees, *vs.* FRANK HOLTEN *et al.*—(JOHN HAY, Appellant.)

*Opinion filed October 21, 1922.*

1. ATTORNEY'S LIEN—*what is essential to an attorney's lien under the statute.* An attorney's lien, under the Attorney's Lien law, must be based upon some contract for fees, either express or implied, entered into by clients capable of so controlling the fund as to subject it to a lien by their contract.

2. SAME—*Attorney's Lien law does not apply to a suit by tax-payer to recover public fund.* The Attorney's Lien law does not apply to a suit by a tax-payer to recover a public fund for the use of a municipality, as the tax-payer does not have authority to contract for the disposition of the public fund when collected.

3. SAME—*when petition for allowance of attorney's fees is premature.* In a suit by tax-payers to recover a public fund, a court of equity cannot declare an allowance of attorney's fees and direct the payment of them out of the public fund before the fund comes under the control of the court, and even though the Supreme Court,

in reversing a decree dismissing the bill, holds that the tax-payers have a right of recovery and remands the cause without directions, an intervening petition for attorney's fees to be allowed out of the fund to be recovered in the future is premature when filed upon re-instatement of the case.

4. EQUITY—*equity should reasonably compensate the tax-payers seeking to protect and recover public funds.* A court of equity should do all in its power to reasonably compensate those who seek to protect the public by compelling the return of public funds.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. J. F. GILLHAM, Judge, presiding.

JOHN HAY, *pro se.*

H. L. BROWNING, THOMAS E. GILLESPIE, SILAS COOK, and KRAMER, KRAMER & CAMPBELL, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an intervening petition for the allowance of and the establishment of a lien for attorney's fees, filed by leave of court in the case of *People* v. *Holten,* in the circuit court of St. Clair county. The original suit in which this intervening petition is filed is a suit in equity against Holten and his sureties on his official bonds as city treasurer of the city of East St. Louis and *ex-officio* collector of the town of East St. Louis, for failure to turn over and account for taxes collected by him as such officer, and interest thereon. The bill in the original cause was brought in the name of the people by certain tax-payers on behalf of themselves and of other tax-payers, to recover for the use of the city of East St. Louis and for the use of the tax-payers the money so collected by Holten and the interest thereon. The circuit court in the main case dismissed the bill, and on final hearing on review in this court the decree of the circuit court was reversed and the cause remanded. (*People* v. *Holten,* 287 Ill. 225.) Upon the remandment of

the cause appellant filed his petition for allowance of fees and for a lien upon the fund when collected. The petition is based on two contracts entered into by appellant and certain tax-payers and residents of the town of East St. Louis, whereby it was agreed that appellant should prosecute the suits against Holten and his bondsmen for the use of said tax-payers and for the use of all the tax-payers, residents and inhabitants of the town of East St. Louis and for the use of said town, and that appellant should receive as his fee one-third of the amount recovered. Each contract stipulates that he shall have a lien upon the claim and cause of action to be prosecuted by suit for his fees, and that such lien shall attach to any verdict, judgment or decree entered in the suit against Holten, and that his compensation shall be payable only out of whatever moneys shall be recovered by judgment, decree or settlement. The intervening petition sets out the contracts; also that appellant served notice upon appellees that he had a lien for his fees in those suits. Appellees filed a motion to dismiss the intervening petition, for the reasons, first, that the fund, when collected, will not belong to the tax-payers who contracted with appellant, and they have no control over it such as to authorize them to enter into a contract with reference to attorney's fees or to grant a lien therefor, and that the contracts are void; second, that the fund sought to be collected is a public fund, belonging either to the town of East St. Louis or the city of East St. Louis, and is not subject to a lien for attorney's fees, as the appellant had no contract with the city of East St. Louis or the town of East St. Louis for attorney's fees; and third, that the petition for lien having been filed before any judgment or decree had been rendered in the cause was premature. The circuit court sustained appellees' motion and dismissed the petition. On appeal the Appellate Court sustained the order, and the cause comes here for review.

The question which presents itself at the outset in this case is whether or not the Attorneys' Lien law applies to

funds and causes of action of this character. That act provides that "attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such attorneys rendered or to be rendered for their clients on account of such suits, claims, demands or causes of action." (Hurd's Stat. 1921, p. 2006.)

It is contended by appellees that the tax-payers who contracted that appellant have his attorney's fees had no authority to bind the fund by such contract. This question appears not to have been previously presented in this court. The Supreme Court of Idaho, in construing an attorneys' lien act somewhat similar to the one of this State, held in the case of *State* v. *National Surety Co.* 29 Ida. 670, that said act had no application to funds in which the State was interested. In that case judgment was recovered on behalf of the State, and the attorney filed an intervening petition restraining the officers from turning over the money until his lien had been established and his fees fixed and satisfied. A temporary injunction was issued, which was later, on motion, dissolved. On review the Idaho court held that the Lien act applied only to those cases where there was a contract, either express or implied, between the attorney and the client, and could apply only to those cases where the client had power to contract concerning the fund to be derived from the suit; that in that case the clients of the petitioning attorney did not have authority to bind the fund. That court also held it to be against public policy to allow attorneys' liens to be enforced against public funds. The Supreme Court of Kentucky, in the case of *Hendrick* v. *Posey,* 104 Ky. 8, held that a statute regarding attorneys'

liens similar to the statute in this State did not apply to public funds. It has been held in this State that in the absence of a special provision allowing liens against public funds a mechanic's lien cannot be enforced against such funds. *Thomas* v. *Illinois Industrial University,* 71 Ill. 310; *Thomas* v. *Urbana School District,* 71 id. 283.

Appellant cites the case of *People* v. *Parker,* 231 Ill. 478, as authority for his contention that tax-payers may enter into a binding contract for the payment of attorney's fees and create therefor a lien on the public fund. In that case the fees were provided for by a resolution passed at the regular annual meeting of the town, to the effect that fees should be paid to the attorney for his services amounting to one-third of what he should succeed in collecting and nothing in case he failed to collect. The resolution having been passed by the town meeting, and such meeting being authorized by the Township Organization act to provide for the institution, defense and disposition of suits at law in which the town is interested and to pass resolutions controlling the funds of the town, (Township act, art. 4, sec. 3,) it will be seen that the contract for the attorney's fees was made by the body having power to control the fund. An attorney's lien, under the statute, must be based upon some contract for fees, either express or implied, entered into by clients capable of so controlling the fund as to subject it to a lien by their contract. We are of the opinion that in this State the tax-payer does not have authority to contract for the disposition of the public fund when collected, and that therefore the Attorneys' Lien law does not apply.

Appellant urges, however, that this being an action in equity, and it having been established in *People* v. *Holten, supra,* that a tax-payer has the right to institute suit for the recovery of public funds in a case of this kind, it would be inequitable to say that the fund should not be charged with the expense of its collection but that such expense

should be levied against the tax-payer who is public-spirited enough to attempt to secure the enforcement of the law and the return of public moneys, and that therefore in equity, regardless of a contract, a court of equity having control of the fund should decree that a reasonable attorney's fee be paid as a part of the expense of the collection of the fund before it is turned over to the municipality. Had there been a judgment or decree recovering this fund there would be much force in counsel's argument. A court of equity should do all in its power to reasonably compensate those who seek to protect the public by compelling the return of public funds. There is no provision in equity, however, permitting a court, in the exercise of equitable powers, to declare an allowance of fees and the payment of them out of a fund of this character before the fund comes under the control of the court. There has been no judgment or decree rendered in the main case finding any amount due from Holten and his bondsmen. It was held in the *Holten case* that a right of recovery existed by the action of the tax-payers; that on the record there made Holten and his bondsmen were shown to be liable; that the municipalities had no authority to settle the claims with Holten and his bondsmen as was attempted to be done, and that therefore it was error to dismiss the bill. This does not amount to a judgment or decree finding an amount due. The case was remanded without directions. This opened the case for pleading, if desired. (*Green Lumber Co.* v. *Nutriment Co.* 224 Ill. 234.) We are unable to say now that the circuit court should, on remandment, have entered a judgment or decree finding an amount due. There is no such fund at this time in the control of the court from which an allowance of reasonable attorney's fees could be made.

The petition was therefore premature, and the circuit court did not err in dismissing it. The judgment of the Appellate Court sustaining the order of the circuit court is affirmed.

*Judgment affirmed.*