HERMAN V. VON HOLT *v.* IZUMO TAISHA KYO MISSION OF HAWAII, AN INCORPORATED ASSOCIATION, JOHN H. WILSON, LEON K. STERLING, THE CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION.

No. 4144.

MARCH 25, 1960.

TSUKIYAMA, C. J., MARUMOTO, CASSIDY, WIRTZ AND LEWIS, JJ.

*Per Curiam.* On August 6, 1958, this court, after a hearing in the main case involving the same parties, rendered an opinion in favor of petitioner-appellee. 42 Haw. 671. Pursuant thereto, a decision on appeal was entered on October 7, 1958, reversing the previous decree of the circuit court and remanding the cause "to the Circuit Court with directions by appropriate action:

"1. To nullify the effect of the purported conveyance made by said deed;

"2. To cause record title to the property therein

described to be re-registered in the City and County of Honolulu, by reconveyance thereto, for the same consideration mentioned therein, or otherwise;

"3. To allow to petitioner-appellant herein his costs, and attorney's fees."

After the remand, the circuit court, upon motion of petitioner, entered the order from which respondent-appellant, the City and County of Honolulu, hereinafter sometimes referred to as the "city," now appeals. The city contested only that portion of the motion which requested the allowance of attorney's fees as to the city. Consequently, the city has appealed only from the following specific portions of that order:

1. "* * * subject to a charging attorney's lien in favor of Robert M. Rothwell in the sum of $16,800.00, as security for payment of his services rendered herein to the Petitioner and the taxpayers of the City and County of Honolulu which the Petitioner represents as a class, legal title to said land and improvements is hereby vested in the Respondent, City and County of Honolulu * * *." [Portion of paragraph 1 of the order.]

2. "That the Respondent, City and County of Honolulu, is hereby ordered and directed to pay to Robert M. Rothwell, Esq., Attorney for the Petitioner herein, the sum of $16,800.00 as and for his services rendered to the Petitioner herein on behalf of said Petitioner and the taxpayers of the City and County of Honolulu as a class represented by the Petitioner, said sum to be paid forthwith." [Paragraph 3 of the order.]

3. "That this Decree shall constitute a charging attorney's lien against the real property and improvements thereon described in said Land Court Document No. 145182 in favor of the said Robert M. Roth-

well as and for his attorney's fees above mentioned, until the same shall have been fully paid." [Paragraph 5 of the order.]

Under this appeal, the city specifies two errors:

1. That the circuit judge erred in assessing the attorney's fees against the City and County of Honolulu, because such an assessment is forbidden by R.L.H. 1955, § 219-23.

2. That even if the circuit judge had power to assess attorney's fees as aforesaid, he had no jurisdiction to impose an attorney's charging lien on the land and improvements which were the subject of this suit.

Petitioner's confession of error on the question of whether an attorney's charging lien can be imposed on the property in question effectively disposes and obviates the necessity of consideration of the second specification of error. This leaves, for decision, only the first specification of error.

The main suit was a successfully prosecuted taxpayer's suit and the only question before us is whether the trial court erred in awarding an attorney's fee to petitioner's counsel and against the city. The city's contention is that it, as a political subdivision, is not liable for attorney's fees under the provisions of R.L.H. 1955, § 219-23. Petitioner, on the other hand, argues that § 219-23 is not applicable to this case, or, in the alternative, that R.L.H. 1955, § 219-1, gives this court such broad powers as to permit an award of attorney's fees under Rule 9(d) of the Rules of the Supreme Court of the State of Hawaii.

Regardless of the applicability of § 219-23, and despite § 219-1, this is not a proper case for an award of attorney's fees. *Criswell* v. *Board of Directors,* 34 Wash. 420, 75 Pac. 984; *Marion County* v. *Rives & McChord,* 133 Ky. 477, 118 S.W. 309; *Brundige* v. *Village of Ashley,* 62 Ohio St. 526, 57 N.E. 226.

The right to be awarded attorney's fees from one's opponent in litigation, as a part of the costs thereof, did not exist at common law. 14 Am. Jur., *Costs,* § 63, p. 38. This general rule is qualified, however, by the equity practice allowing reasonable attorney's fees out of a common fund or common property created or preserved for the benefit of all the common owners through the efforts of one of such owners. 14 Am. Jur., *Costs,* § 70, p. 45.

Some cases (cited by petitioner in his brief) have applied this fund theory to justify the allowance of attorney's fees in taxpayers' actions. *Fox* v. *Lantrip,* 169 Ky. 759, 185 S.W. 136; *Council of Village of Bedford* v. *State,* 123 Ohio St. 413, 175 N.E. 607; *State ex rel Faulkner* v. *Kreinbihl,* 28 Ohio Ops. 415, 14 Ohio Supp. 49. However, others have rejected this application, either because the general equitable basis of implied contract is not present in taxpayers' actions, *Park* v. *City of Laurens,* 68 S.C. 212, 46 S.E. 1012; *Milster* v. *City Council of Spartanburg,* 68 S.C. 243, 47 S.E. 141; *Williamson* v. *Los Angeles County Flood Control Dist.,* 42 Cal. App. 2d 622, 109 P. 2d 992, or, that a "public fund" does not constitute a common fund under the equitable doctrine. *Marion County* v. *Rives & McChord, supra.*

Where no common fund has been created or preserved, a taxpayer, in the absence of statutory authority, is not entitled to the allowance of counsel fees. *Gosso* v. *Hart,* 123 Ore. 67, 261 Pac. 80; *People ex rel Stephens* v. *Holten,* 222 Ill. App. 427, aff'd. 304 Ill. 394, 136 N.E. 738; *Appeal from Auditors' Report of Borough of Exeter,* 178 Pa. Super. 75, 113 A. 2d 349; *City of Ormond Beach* v. *Cook,* 81 So. 2d 481 (Fla. 1955); *Grandle* v. *Rhodes,* 107 Ohio App. 558, 154 N.E. 2d 172.

Moreover, the mere existence of a fund is insufficient to authorize a court to make an allowance of counsel fees from it, in favor of a taxpayer. The court must have at

least constructive custody or control of the fund. *Milster* v. *City Council of Spartanburg, supra.*

Applying these principles of law to the situation at hand, it can readily be seen that it was inappropriate to allow attorney's fees to petitioner. Not only were counsel fees not allowable against the city, but also they were not taxable against the other respondents, or any of them. *Cf., State ex rel Stuart* v. *Holt,* 163 Ind. 198, 71 N.E. 653. The judgment "[to] nullify the effect of the purported conveyance made by said deed" effectively held the conveyance to be invalid, not merely voidable, and no fund was created thereby. If it can be said that the property was preserved by the judgment, still it is clear that the court did not have control over it, even to the extent of constructive custody.

In view of the principles above enunciated, it is not necessary to place reliance upon § 219-23. Said section, however, does add further light upon the fact that the legislature itself did not contemplate the allowance of counsel fees, for it is there provided that the reimbursement by the government of actual disbursements shall not include "attorney's fees or commissions."

In considering this first specification of error, we are in effect reviewing the holding on the prior appeal on the question of attorney's fees. That holding established the law of the case which normally would be followed in further proceedings in the case.

However, as the court stated in *Glover* v. *L. K. Fong,* 42 Haw. 560, at page 578:

"The doctrine of the law of the case is akin to res judicata but is more limited in its application. It relates solely to questions of law and is confined in its operation to subsequent proceedings in the same case. (2 Freeman on Judgments, 5th ed., § 630) The doctrine is that a determination of a question of law

made by an appellate court in the course of an action becomes 'the law of the case' and may not be disputed by a reopening of the question at a later stage of the litigation. It normally commands adherence but is not subject to the inflexibility of res judicata. Considerations justifying a deviation from adherence to the doctrine are stated in *Mangold* v. *Bacon*, 237 Mo. 496, 141 S.W. 650, as follows: 'Whether from grace or right when cogent and convincing reasons appear, such as lack of harmony with other decisions and where no injustice or hardship would flow from a change, or where by inadvertence principles of law have been incorrectly declared the first time, or mistake of fact has been made, or injustice to the rights of parties would be done by adhering to the first opinion, then the exceptions to the rule have play, and it is our duty to re-examine and correct our own errors on the second appeal in the same case.' "

Attorney's fees were not sought under the pleadings, nor was the question advanced under the briefs in the prior appeal. A review of the lengthy presentation on oral argument in the prior appeal, which was recorded, discloses that no mention was made of counsel fees. It could have been included in the prior holding only through inadvertence either, in recognition of the feeling that the court should do all in its power to compensate reasonably those who seek to protect the public by compelling the return of public property, which power of compensation, however, rests with the legislative branch of the government, or, as a penalty for the "constructive fraud" found by the court. While in a proper case, counsel fees could be considered as an element of punitive damages for the perpetration of a fraud, this was not the situation here, as no such damages were sought.

It was the failure of the city to file a petition for re-

hearing after the prior holding in 42 Haw. 671 was handed down that has required this review of that holding and thus has caused undue prolongation of the litigation.

Having now considered the question for the first time under this appeal, we can only allow the appeal and remand the matter to the circuit court for entry of judgment without allowance of either attorney's fees or a charging attorney's lien. In other words, the circuit court is directed to enter up judgment in accordance with the prior decision in 42 Haw. 671 except as herein modified by deleting therefrom any reference to "attorney's fees" or a "charging attorney's lien."

Reversed.

*Hiromu Suzawa,* Deputy Corporation Counsel (*Norman K. Chung,* Corporation Counsel with him on the opening brief; *Betty B. Gillette,* Deputy Corporation Counsel, with him and *Norman K. Chung,* Corporation Counsel, on reply brief), for respondent-appellant City and County of Honolulu.

*Robert M. Rothwell* (also on the brief) for petitioner-appellee.