THE PEOPLE *ex rel.* DENNIS MORIARTY *et al.*, Plaintiffs-Appellants, v. WILLIAM R. RUTTER, Superintendent of the Valley View Public Schools Community Unit District No. 365-U, *et al.*, Defendants-Appellees.

Third District   No. 3—84—0303

Opinion filed January 7, 1985.

Terence M. Heuel and Nicholas F. Esposito, both of Leake, Esposito & Heuel, of Chicago, for appellants.

Edward M. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for appellee County of Will.

Barry L. Moss and George A. Marchetti, both of Moss & Bloomberg, Ltd., of Bolingbrook, for appellee Valley View Community Unit School District No. 365-U.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

This is the second time plaintiff-taxpayers have brought an appeal to this court. We originally dismissed this class action for failure to exhaust administrative remedies under the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 675). (*People ex rel. Moriarty v. Rutter* (1983), 118 Ill. App. 3d 1166 (Rule 23 order).) Plaintiffs now appeal the denial of their petition for attorney fees.

A brief history of this case is necessary due to the unusual posture of the petition in question. In November 1980, the electorate of Valley View Community School District No. 365-U approved a bond proposition authorizing an issue of $3,600,000 to install sprinkler systems in district schools. As of October 1982, over $1.3 million in unexpended bond proceeds remained on hand. In response to what it perceived to be the school board's intention to employ the excess proceeds to install a security system and an energy management system, plaintiffs filed suit in September seeking to enjoin this use of the funds and to have the excess funds returned to the taxpayers by abatement. On October 12, 1982, the board resolved to transfer the unexpended proceeds to its operations, building and maintenance fund. The resolution also stated the board's intention to use the money to abate taxes, reduce current indebtedness, create a sprinkler maintenance fund and for other operations, building and maintenance purposes. The resolution further stated that the board did not intend to use any portion of the bond proceeds for either a security system or an energy management system.

On December 22, 1982, the court dismissed all counts of plaintiffs' first amended complaint relevant to this appeal. In its memorandum opinion, the trial court made the following finding:

"The issue of the use of the remaining funds for a security system is now moot. The pleadings clearly bind the defend-

ants to a non-use, now or in the future, to the use of such funds for a security system. Should they attempt to do so, prompt injunctive relief *could* be afforded on the basis of the pleadings in this cause." (Emphasis added.)

We affirmed the trial court, but did not address any issues relevant to the fee petition. Ultimately, the school district abated the 1982 taxes by way of a reduced levy in 1983.

Plaintiffs' argument is as follows. But for the filing of the instant action, the school district would have illegally expended excess bond proceeds to the detriment of the taxpayers. The memorandum cited above was part of a consent "judgment" that the school district could not use the excess proceeds for security or energy management systems. This further resulted in the resolution which created the tax abatement. Thus, the actions of plaintiffs' counsel have resulted in a judgment which brought a fund within the court's control to the benefit of taxpayers. Therefore, an award of fees is proper. *Hamer v. Kirk* (1976), 64 Ill. 2d 434, 356 N.E.2d 524.

The trial court rejected this position out of hand. Particular reliance was placed on the failure of plaintiffs to prevail on any claim. To quote one of the court's less charitable passages:

"Having now misread the case and statutory law of Illinois, counsel for Plaintiffs wish to be rewarded for their errors, and to have the defendants compensate them for their lack of legal knowledge."

We affirm the denial of the petition for fees. While there is evidence in the record of some causal connection between this suit and the abatement enjoyed by the taxpayers, the prerequisites for an award of fees have not been met.

The oft-stated "American rule" that attorney fees are not recoverable by the successful party in litigation, absent a statute or agreement providing for same, has been adopted in Illinois. (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 245 N.E.2d 468.) An exception to that rule is that attorney fees may be awarded when a fund has been brought within the control of the court by the parties. (*Hoffman v. Lehnhausen* (1971), 48 Ill. 2d 323, 269 N.E.2d 465.) Plaintiffs rely on this exception.

The fundamental flaw in plaintiffs' position is the absence of judicial action creating a fund. The court's memorandum of December 22, 1982, is merely a finding that it would be illegal for the school district to expend excess proceeds for security and energy management systems, and that injunctive relief would be afforded if such expenditures were attempted. However, this does not constitute a

binding judgment specifically segregating the excess funds. Particularly of interest in this regard is *People ex rel. Stephens v. Holten* (1922), 304 Ill. 394, 136 N.E. 738. There, taxpayers in East St. Louis sued the city treasurer of East St. Louis and his sureties on his official bonds as treasurer and ex-officio collector of the town, claiming that he had failed to turn over and account for taxes collected in his official capacity. The court responded to counsel's argument that a fund could be created in the absence of a judgment of liability on part of the defendants as follows:

> "Had there been a judgment or decree recovering this fund there would be much force in counsel's argument. A court of equity should do all in its power to reasonably compensate those who seek to protect the public by compelling the return of public funds. There is no provision in equity, however, permitting a court, in the exercise of equitable powers, to declare an allowance of fees and the payment of them out of a fund of this character before the fund comes under the control of the court. There has been no judgment or decree rendered in the main case finding any amount due from Holten and his bondsmen." *People ex rel. Holten v. Stephens* (1922), 304 Ill. 394, 399.

Since we conclude that no judgment was entered here creating a fund, we need not address the questions of the existence of a fund within the court's control, the power to interrupt the orderly taxation process or the propriety of awarding fees to an unsuccessful litigant.

Accordingly, we affirm the judgment of the circuit court of Will County.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.